**Edwin Glenn HUNT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–97–301 CR.**

Court of Appeals of Texas,
Beaumont.

Submitted April 17, 1998.

Decided April 22, 1998.

---

Julie Alston, Lufkin, for Appellant.

Clyde M. Herrington, District Attorney, Lufkin, for Appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

Following a plea of guilty, Edwin Glenn Hunt was convicted of murder and sentenced by the trial court to forty-five years' confinement in the Texas Department of Criminal Justice—Institutional Division. Hunt appeals raising four points of error.

Hunt's first two points challenge the legal and factual sufficiency of the evidence to support the trial court's failure to find that Hunt caused the death under the immediate influence of sudden passion arising from an adequate cause. TEX. PEN. CODE ANN. § 19.02(d) (Vernon 1994). The State argues Hunt's challenge under these points of error must fail because he has not presented this court with a complete statement of facts.

TEX. R. APP. P. 34.6(c)(5) provides:

In a criminal case, if the statement contains a point complaining that the evidence is insufficient to support a finding of guilt, the record must include all the evidence admitted at the trial on the issue of guilt or innocence and punishment.

The Court of Criminal Appeals has held "an appellate court cannot determine the merits of a challenge to the sufficiency of the evidence without a review of the entire record of the trial before the fact finder." *Skinner v. State*, 837 S.W.2d 633, 634 (Tex.Crim.App. 1992).

■ Hunt pleaded guilty and does not challenge the sufficiency of the evidence to support the trial court finding him guilty. Rather, Hunt challenges the trial court's failure to find the mitigating circumstance of "sudden passion." This begs the question of whether Rule 34.6(c)(5) and *Skinner* even apply to the present case. We find they do.

The Court of Criminal Appeals recognized in *Buchanan v. State*, 911 S.W.2d 11 (Tex. Crim.App.1995), that evidence relating to punishment issues is not necessarily limited to the punishment phase. There, the Court noted there is no requirement that evidence of "safe release" must be presented at punishment, even though it is a punishment issue.[1] *Id.* at 14. The Court recognized that evidence raising safe release will often come out during presentation of the State's evidence of the circumstances of the offense during the guilt phase. *Id.* The Court found the lower court erred in requiring a defen-

---

1. Like sudden passion, "safe release" becomes an issue upon conviction for aggravated kidnapping. TEX. PEN. CODE ANN. § 20.04(b) (Vernon Supp.1998)

dant to reintroduce evidence from the guilt phase at the punishment phase. *Id.*

 Similarly, evidence which either proves or disproves sudden passion may be introduced during the guilt phase in the course of presenting the circumstances of the offense. Such evidence, as in *Buchanan,* would not have to be reintroduced during punishment. Consequently, there may be evidence outside the punishment hearing which has a bearing on punishment. We hold TEX. R. APP. P. 34.6(c)(5) applies to the present case.

 The statement of facts of the punishment hearing constitutes only a partial statement of facts of the proceedings below. The record before this court does not contain the reporter's record of the guilt-innocence phase of the trial and does not contain the pre-sentence investigation report of which the trial court took judicial notice. We must presume the omitted portions support the judgment. *See Burks v. State,* 904 S.W.2d 208, 210 (Tex.App.—Fort Worth 1995, no pet.). Points of error one and two are overruled.

 In his third point of error, Hunt claims there was no evidence supporting the trial court's finding a deadly weapon was used or exhibited in the commission of the offense. Hunt pleaded guilty to the charge of murder by stabbing with a deadly weapon, to wit: a knife, that in the manner of its use or intended use was capable of causing death or serious bodily injury, thereby causing the death of the victim. "If a defendant pleads guilty to an indictment that includes an allegation that he used a deadly weapon, the trial court may make a deadly weapon finding." *Alexander v. State,* 868 S.W.2d 356, 361 (Tex.App.—Dallas 1993, no pet.) (citing *Ex parte Franklin,* 757 S.W.2d 778, 784 (Tex. Crim.App.1988)). Point of error three is overruled.

Hunt's fourth point argues it was error for the trial court to sentence him for a first degree felony rather than for a felony of the second degree. This point of error is premised upon the success of either of Hunt's first two points under TEX. PEN. CODE ANN. § 19.02(d). As we have overruled points of error one and two, this point is without merit. Point of error four is overruled.

The judgment of the trial court is affirmed.

AFFIRMED.