Opinion issued October 30, 2003



     







 
In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00036-CR




STEPHEN PHILIP KELLER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 877848




O P I N I O N

          Appellant, Stephen Keller, pleaded guilty, without an agreed punishment
recommendation from the State, to the felony offense of criminal solicitation of a
minor with intent to commit aggravated sexual assault, and true to a deadly weapon
allegation within the indictment. After a pre-sentence investigation (PSI) report was
completed and a sentencing hearing with testimony was conducted, the trial court
found appellant guilty, found the deadly weapon allegation to be true, and assessed
punishment at four years’ confinement in prison and a $10,000 fine. In his first
issue, appellant contends that he must be granted a new trial because his plea
agreement with the State was illegal. In his second issue, appellant contends that he
was denied effective assistance of counsel. In his third and fourth issues, appellant
contends that the deadly weapon finding and the finding of the victims’ age in the
judgment must both be deleted. We affirm.
Background
          Appellant placed an internet advertisement seeking young males to engage in
sexual activity. A confidential informant, posing as a 14-year-old boy named
“Jason,” notified Sergeant Lee Vaughan of the Texas Department of Public Safety,
Special Crimes Service, of the ad. Vaughan responded to the ad, stating that he was
a 13-year-old boy named “Brandon.” E-mail correspondence between Brandon,
Jason, and appellant resulted in an agreement to perform various sexual acts with
each other at Cullen Park, on May 20, 2001 at about 11:00 a.m. Appellant indicated
he would be wearing a gray tee-shirt and black running shorts. Appellant arrived
shortly before 11:00 a.m., wearing the clothes he described. Appellant gathered his
bags, looked around, and walked to the meeting area. Appellant was arrested at the
park after he remained at the meeting place for several minutes. Appellant carried
with him one bag containing beer and ice, and another containing sexual
paraphernalia. Appellant’s truck displayed an altered license plate and a loaded, 12-gauge shotgun had been partially inserted in a storage pocket of the side passenger
door. After arresting appellant, police obtained a warrant to search his residence and
seized his computer. E-mails soliciting the sexual contact were recovered from the
computer’s stored data.
Plea Agreement
          In his first point of error, appellant contends that the prosecutor’s “threshold
requirement that the appellant plead guilty to the deadly weapon allegation in
exchange for the State’s agreement to waive its right to a jury trial” was an illegal
agreement under the facts of this case. Appellant contends that the State refused to
waive its right to a jury trial unless appellant agreed to plead guilty to the deadly
weapon allegation, of which appellant claims he is not guilty. Appellant claims that,
despite his guilty plea to the deadly weapon allegation, it was legally impossible for
him to be convicted of using or exhibiting a deadly weapon during the course of the
solicitation offense because the offense was already completed when the weapon was
recovered from his vehicle after his arrest.
          To preserve a complaint for appellate review, a defendant must object timely
to the trial court. Tex. R. App. P. 33.1; Rhoades v. State, 934 S.W.2d 113, 120 (Tex.
Crim. App. 1996). The record shows that appellant never asked to withdraw his plea
of guilty to the deadly weapon allegation. Likewise, he raised no objection to the trial
court to the State’s alleged requirement that he plead guilty to the deadly weapon
finding as a condition of the State’s waiver of its right to a jury trial. Therefore, no
error was preserved for review.
          We overrule appellant’s first point of error.
Affirmative Finding of Deadly Weapon
          In his third point of error, appellant contends that the trial court’s affirmative
finding of a deadly weapon should be removed from the judgment because there was
“no evidence that the appellant used or exhibited a deadly weapon during the
commission of the offense.” According to appellant, the offense of criminal
solicitation was already complete when police officers found the firearm inside
appellant’s vehicle after his arrest at the park. Appellant claims that, despite his plea
of guilty to using or exhibiting the deadly weapon, the trial court was “under an
obligation” to refuse to make an affirmative finding of a deadly weapon.
          Appellant’s underlying contention is that the evidence is “legally and factually 
insufficient” to support the deadly weapon finding. Appellant cites no authority,
however, to explain how this Court should apply a legal and factual sufficiency
review to a situation in which a defendant has pleaded guilty to the trial court. Before
addressing appellant’s sufficiency complaint, we must first determine the standard of
review that applies.
          Texas has a procedural requirement that differs from most jurisdictions. 
Pursuant to article 1.15 of the Code of Criminal Procedure, the State must offer
sufficient proof to support any judgment based on a guilty or nolo contendere plea in
a felony case tried to the court.


 Tex. Crim. Proc. Code Ann. art. 1.15 (Vernon
2001); Ex Parte Williams, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986). The State
must “introduce evidence into the record showing the guilt of the defendant and said
evidence shall be accepted by the court as the basis for its judgment and in no event
shall a person charged be convicted upon his plea without sufficient evidence to
support the same.” Tex. Crim. Proc. Code Ann. art. 1.15.
          Reviewing the sufficiency of the evidence to support a judgment under article
1.15 upon a plea of guilty or nolo contendere, however, requires that we apply a
different standard of review than when we review legal sufficiency under Jackson v.
Virginia


 and factual sufficiency under Johnson v. State


 for convictions that follow
a guilty plea. Legal-sufficiency-review analysis under Jackson applies only when the
federal constitution places the burden on the prosecution to establish guilt beyond a
reasonable doubt. Ex Parte Williams, 703 S.W.2d at 682 (citing Boykin v. Alabama,
395 U.S. 238, 89 S. Ct. 1709 (1969)). The Jackson standard does not apply when a
defendant knowingly, intelligently and voluntarily enters a plea of guilty or nolo
contendere. Ex Parte Williams, 703 S.W.2d at 682. There is no federal constitutional
requirement that a guilty plea in a state criminal prosecution must be corroborated by
evidence of guilt, and Jackson


 does not apply. Ex Parte Williams, 703 S.W.2d at
682. A plea of guilty waives all non-jurisdictional defenses, including challenges to
the sufficiency of the evidence. Id. Similarly, a defendant who pleads guilty to the
court by executing a valid judicial confession waives any challenge to the factual
sufficiency of the evidence. Ybarra v. State, 960 S.W.2d 742, 745 (Tex.
App.—Dallas 1997, no pet.).
          We conclude that appellant has waived the right to challenge the legal and
factual sufficiency of the evidence to sustain his conviction under Jackson, 443 U.S.
at 318-19, 99 S. Ct. at 2788-89, and Johnson, 23 S.W. 3d at 11. Our “sufficiency”
review on appeal of felony pleas of guilty to the court is confined to determining
whether sufficient evidence supports the judgment of guilt under article 1.15 of the
Code of Criminal Procedure. See Tex. Crim. Proc. Code Ann. art. 1.15.
          Appellant pleaded guilty to the last paragraph of the indictment, thus
confessing that he used or exhibited a deadly weapon, namely a firearm, in the
commission of the offense of criminal solicitation of a minor. Appellant read and
signed a “Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial
Confession” that contained the following statement: “I understand the above
allegations and I confess that they are true . . . .” The record establishes that appellant
freely, intentionally, knowingly, and voluntarily confessed to using or exhibiting the
deadly weapon during the commission of the offense. A presumption of truthfulness
and regularity applies to documents filed in the trial court. Breazeale v. State, 683
S.W.2d 446, 450 (Tex. Crim. App. 1984). Appellant’s judicial confession is
sufficient evidence to show that he used a deadly weapon, and the record need not
otherwise provide proof. See Alexander, 868 S.W.2d at 361 (citing Ex Parte
Franklin, 757 S.W.2d 778, 784 (Tex. Crim. App. 1988)); see also Hunt v. State, 967
S.W.2d 917, 919 (Tex. App.—Beaumont 1998, no pet.). We conclude that
appellant’s stipulation of guilt and judicial confession are sufficient evidence to
support the judgment under Article 1.15 of the Code of Criminal Procedure.
          Appellant also argues that the trial court was under an “obligation” to refuse
to accept his plea of guilty (or true) to the deadly-weapon allegation because the
evidence established that the offense was already completed when the weapon was
discovered.
          A trial court sitting as the trier-of-fact has a duty to consider the evidence and 
may, despite a defendant’s plea of guilty, find a defendant guilty as charged, guilty
of a lesser-included offense, or not guilty. Moon v. State, 572 S.W.2d 681, 682 (Tex.
Crim. App. 1978); Solis v. State, 945 S.W.2d 300, 302-03 (Tex. App.—Houston [1st
Dist.] 1997, pet. ref’d). Appellant argues that, because the trial court was presented
with evidence that indicated appellant had not used a deadly weapon during the
course of the offense of solicitation, the trial court had no option but to refuse to make
an affirmative finding of a deadly weapon. Appellant’s contention, however, ignores
that his judicial confession was sufficient evidence upon which the trial court could
base its affirmative finding of a deadly weapon. See Alexander, 868 S.W.2d at 361.
          We overrule appellant’s third point of error.Affirmative Finding of Age of Victim
          In his fourth point of error, appellant contends that the judgment in the case
must be modified to delete the trial court’s affirmative finding that the victim was
under 17 years of age because the finding has no relevance to the offense.
          At the close of the sentencing hearing the following dialog occurred:
          THE COURT:       In Cause No. 877848, you shall be confined not less than
two years nor more than four years in accordance with the
laws governing the Institutional Division of the Texas
Department of Criminal Justice. You will receive credit
for time served.
There will be an affirmative finding that a deadly weapon,
namely, a firearm, was used in the commission of the offense.
          THE STATE:        Judge, I ask for one more affirmative finding pursuant to
62.12 and that’s an affirmative finding that the intended
complainant was younger than 17.
          THE COURT:       There will be such a finding.
          DEFENSE:            Your Honor, you asked if [appellant] wanted to address
you and he does.
          THE COURT:       All right.
(The sentencing hearing proceeded with appellant making a statement to the court.)
          We conclude appellant has waived the right to complain about the affirmative
finding in the judgment. To preserve a complaint for appellate review, a party must
have presented a timely request, objection, or motion stating specific grounds for the
ruling desired. Tex. R. App. P. 33.1; Rhoades v. State, 934 S.W.2d 113, 120 (Tex.
Crim. App. 1996). Under these circumstances, because the trial court made the
affirmative finding in open court during sentencing, appellant had the opportunity to
object to the court’s affirmative finding. The record shows that appellant did not
timely object to the affirmative finding.
          We overrule appellant’s fourth point of error.
Ineffective Assistance of Counsel
          In his second point of error, appellant contends that he was denied effective
assistance of counsel in violation of the Sixth Amendment of the United States
Constitution because his trial counsel (1) did not move to dismiss the indictment, (2)
did not argue that the evidence was insufficient to support the deadly weapon
allegation, and (3) did not provide effective counsel based on the totality of 
representation.
          The trial court heard testimony solely from appellant’s trial counsel at the
hearing on appellant’s motion for new trial alleging ineffective assistance of counsel. 
The grant or denial of a motion for new trial is a matter entirely within the trial
court’s discretion and will not be reversed unless the trial court abused its discretion. 
State v. Gonzales, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993). An abuse of
discretion occurs when the trial court’s decision is so clearly wrong as to lie outside
the zone of reasonable disagreement. Cantu v. State, 842 S.W.2d 667, 682 (Tex.
Crim. App. 1992). At a hearing on a motion for new trial, the trial court is the sole
judge of witness credibility. See Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App.
1995).
          The standard for evaluating ineffective assistance of counsel claims is set forth
in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). 
Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986); Gamble v. State, 916
S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). To be entitled to a
new trial based on ineffective assistance, an appellant must show that (1) counsel’s
performance was so deficient that he was not functioning as acceptable counsel under
the Sixth Amendment, and that (2) there is a reasonable probability that, but for
counsel’s error, the result of the proceedings would have been different. Strickland,
466 U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. In determining
whether the Strickland test has been met, we measure counsel’s performance on the
totality of the representation afforded, not on individual alleged errors. See ex parte
Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). The constitutional right to
counsel does not mean errorless counsel or counsel whose competency is judged by
hindsight. Doherty v. State, 781 S.W.2d 439, 441 (Tex. App.—Houston [1st Dist.]
1989, no pet.).
          The defendant bears the burden to prove ineffective assistance of counsel. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. A
defendant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy. Strickland, 466 U.S. at
689, 104 S. Ct. at 2064; Gamble 916 S.W.2d at 93. A claim of ineffective assistance
of counsel must be firmly supported in the record. McFarland v. State, 928 S.W.2d
482, 500 (Tex. Crim. App. 1996).
 
The Indictment
          Appellant contends that he received ineffective assistance because trial counsel
did not move to dismiss the indictment. According to appellant, his trial counsel
should have filed a motion to quash the indictment because a portion of the
indictment incorrectly inserted Officer Lee Vaughan’s name for appellant’s. 
Appellant argues that, if the court had ruled on a motion to quash, appellant’s
indictment would have been dismissed, or at a minimum, the State would have been
more likely to plea bargain with appellant if challenged with a motion to quash.
          Appellant’s indictment alleged that, “. . . with intent that aggravated sexual
assault be committed, the Defendant requested, commanded, and attempted to induce
Lee Vaughan, known to the defendant as Brandon, a person believed to be younger
than seventeen years of age, to engage in specific conduct, that, under the
circumstances surrounding the conduct of Lee Vaughan, known to the Defendant as
Brandon, as the Defendant believed them to be, would constitute the offense of
aggravated sexual assault . . . .” The Penal Code, however, requires that the
circumstances surrounding the conduct refer to the actor or the defendant, not the
alleged victim. Tex. Penal Code Ann. § 15.031(b) (Vernon 2003). Thus, appellant
argues, the indictment was properly subject to a motion to quash. See Robinson v.
State, 764 S.W.2d 367, 370-71 (Tex. App.—Dallas 1989, pet. ref’d).
          Although subject to a motion to quash, an indictment containing this type of
pleading error is not fundamentally defective for charging purposes because it
contains all of the elements of the offense of criminal solicitation. See Robinson, 764
S.W.2d at 371. A matter of form or substance in an indictment may be amended if
the substantial rights of a defendant are not prejudiced and if the amendment does not
allege an additional or different offense. Tex. Crim. Proc. Code Ann. art. 28.10
(Vernon 2001). Thus, the State could have simply moved to amend the indictment
in response to a motion to quash. See id.
          The hearing on the motion for new trial produced no evidence to explain why
trial counsel did not seek dismissal of the indictment. Furthermore, nothing in the
record suggests that the defect in the indictment would have benefitted appellant by
making the State more amendable to a plea bargain or to drop the deadly weapon
allegation from the indictment. Appellant has not established that he would have
prevailed on a motion to dismiss, given that the indictment contained all the elements
of the offense of criminal solicitation and could have been amended to correct the
pleading error. See Robinson, 764 S.W.2d at 371; see also Tex. Crim. Proc. Code
Ann. art. 28.10. To establish ineffective assistance of counsel for failure to file a
motion with the court, a defendant must demonstrate that he would have succeeded
on the motion. Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998).
          The record reflects that counsel’s overall trial strategy was to plead guilty to
the indictment as written to avoid a jury trial, “reach out” to the judge, and “accept
responsibility” so as to avoid a final conviction for the offense and obtain deferred
adjudication. The record does not provide reasons to explain counsel’s decision
beyond his above stated strategy and we will not speculate. See Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994); Henderson, 29 S.W.3d 616, 624 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d) (holding trial counsel was not ineffective
when the record was silent as to trial counsel’s reasons for declining to request
instruction on concurrent causation).
          We conclude appellant has not established ineffective assistance of counsel for
failure to file a motion to dismiss the indictment.
The Deadly Weapon Finding
          Appellant contends that he received ineffective assistance because trial counsel
did not challenge the sufficiency of the evidence to support the deadly weapon
allegation in the indictment. Appellant claims that his trial counsel should have
raised the issue that, despite appellant’s plea of guilty to the charge, appellant was not
guilty of the deadly weapon allegation. A trial court, however, has the discretion to
find a defendant not guilty or guilty of a lesser offense, despite a defendant’s guilty
plea to the charged offense. Brown v. State, 11 S.W.3d 360, 363 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d). The record establishes that trial counsel
explained to appellant that the only way he could receive deferred adjudication was
from the trial court upon a plea of guilty. Furthermore, the record establishes that,
according to appellant’s trial counsel, the State was unwilling to waive its right to a
jury trial unless appellant pled guilty to all the charges, including the deadly weapon
allegation. The record further establishes that, although the trial court admonished
appellant of his right to a jury trial, appellant voluntarily, intentionally, and
knowingly waived his right to a jury trial by pleading guilty and confessing to all
charges.
          Trial counsel testified at the motion for new trial hearing that he believed he
told the trial court several times that appellant was not guilty of using or exhibiting
the deadly weapon during the offense, but that appellant would nevertheless plead
guilty to that allegation. The record of the sentencing phase of the trial does not
support counsel’s version of the events, but the record before us contains no
reporter’s record of the hearing on appellant’s plea of guilty. Trial counsel’s
testimony may therefore refer to arguments he made during the hearing on appellant’s
plea of guilty to the court. Given appellant’s confession to using or exhibiting a
deadly weapon, along with trial counsel’s recollection that he argued to the trial court
that appellant should be found not guilty of the deadly weapon allegation, we cannot
conclude that counsel was ineffective for not arguing that the trial court should have
found the deadly weapon allegation not true, particularly in light of trial counsel’s
and appellant’s overall trial strategy that appellant accept full responsibility for the
conduct so as to obtain deferred adjudication for the offense.
          We conclude that appellant has not established that trial counsel was
ineffective for not asserting his alleged innocence of the deadly weapon allegation
after appellant pleaded guilty to the deadly weapon charge.
The Totality of the Representation
          Appellant contends that he received ineffective assistance because trial counsel
(1) signed and allowed appellant to sign admonishments stating that the term of his
sex-offender registration would be life when the correct time frame was 10 years, (2)
did not object to the affirmative finding of the age of the intended victim in the
judgment, (3) did not discuss the possibility of a jury trial with appellant, (4) advised
appellant that he had to plead true to the deadly weapon allegation, even though
appellant denied using a weapon, and (5) stated that he did not think appellant was
eligible for probation from a jury.
          Appellant has not established that the outcome of the proceedings would have
been different if he had been properly admonished that he must register as a sex
offender for the lesser term of 10 years instead of life. Likewise, even if trial
counsel’s lack of objection to the trial court’s affirmative finding on the age of the
victim were error, appellant concedes in his fourth point of error that no harm resulted
from including that finding. Appellant contends only that the finding “could” in the
future mistakenly affect how long appellant must register as a sex offender. The
record exhibits somewhat conflicting testimony regarding trial counsel’s discussions
with appellant about the right to trial by jury and whether a jury could or could not
assess probation, and therefore, does not firmly establish that counsel was ineffective. 
As to appellant’s contention that trial counsel informed appellant that he had to plead
guilty to the deadly weapon allegation, the record indicates that counsel did not
advise appellant that he was categorically required to plead guilty to the deadly
weapon allegation. Rather, trial counsel explained to appellant that, in order for the
State to agree to waive a jury trial, he had to plead guilty to the indictment as written. 
According to appellant’s trial counsel, appellant wanted to avoid a jury trial “at all
costs,” sought deferred adjudication from the court, and therefore chose to plead
guilty to the indictment as written.
          The record reflects that trial counsel met and discussed the case with appellant
over the course of his representation, called three witnesses at the sentencing hearing, 
cross-examined the State’s three witnesses, entered a favorable polygraph
examination into evidence, and made a closing statement on behalf of his client. We
note further that appellant was assessed four years’ confinement, when the trial court
could have assessed punishment at up to 20 years’ confinement.
          We conclude that appellant has not established that his counsel was ineffective
based on the totality of his representation of appellant.
          We overrule appellant’s second point of error.
Judgment Modification to Identify Deadly Weapon as a Firearm
          The State asserts a cross-point of error contending that the judgment must be
modified to specify that the deadly weapon was a firearm. Based on the plain
language of section 3g(a)(2) of article 42.12 of the Code of Criminal Procedure, along
with the apparent interpretation of that language in dictum by the Court of Criminal
Appeals, we agree that, in cases in which the deadly weapon is a firearm, section
3g(a)(2) of article 42.12 requires that the deadly-weapon finding not only recite that
a deadly weapon was used or exhibited, but that the weapon was a firearm. Whatley
v. State, 946 S.W.2d 73, 76 n.3 (Tex. Crim. App. 1997); Cobb v. State, 95 S.W.3d
664, 667-68 (Tex. App.—Houston [1st Dist.] 2002, no pet.). We modify the
judgment to add to the deadly-weapon affirmative finding that the weapon was a
firearm.
Conclusion
          We modify the judgment to designate that the deadly weapon used in the
commission of the offense was a firearm, and, as modified, we affirm the judgment
of the trial court.
 
 
                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Chief Justice Radack and Justice Keyes and Alcala.
Publish. Tex. R. App. P. 47.4.