Opinion issued February 14, 2008





 



 








In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00787-CR
   



JOSE LUIS GARCIA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 1059827




MEMORANDUM OPINION
          Appellant, Jose Luis Garcia, appeals from his conviction for the felony offense 
of robbery for which he was sentenced to five years’ confinement. See Tex. Penal
Code Ann. § 29.02(a)(1) (Vernon 2003). Appellant pleaded guilty to the offense
without an agreed recommendation from the State. In three issues, appellant contends
that the evidence is legally insufficient to support his conviction; the trial court erred
by failing to hold a hearing on his motion for a new trial; and the trial court erred by
failing to hold a hearing on his motion for bail pending appeal. We conclude that the
evidence is legally sufficient, that the trial court did not err by not conducting a new
trial hearing, and that the challenge concerning the bail motion is waived. We affirm
the judgment of the trial court.
Background
          In March 2006, appellant amassed a bill in the amount of $322 at Clayton’s
Restaurant & Club located on the North Sam Houston Parkway. Appellant attempted
to pay this bill with his mother’s credit card, but when it was declined, he left without
paying. Complainant, who was appellant’s waitress that evening, followed appellant
out of the restaurant to restrain him. Appellant grabbed complainant, forced her head
into a motor vehicle, and threw her to the ground, causing minor bumps and bruises. 
Appellant fled, but was arrested a block away from the restaurant later that night.          In his written plea of guilty to the trial court, appellant confessed that while he
was in the course of committing theft of property owned by complainant, and with
intent to obtain and maintain control of the property, he intentionally, knowingly and
recklessly caused complainant bodily injury by grabbing her with his hand, pushing
her into a motor vehicle, and throwing her to the ground. In the written
admonishments that accompanied the plea of guilty, appellant also acknowledged that
he “committed each and every element alleged.” In his verbal plea of guilty before
the trial court that was recorded by the court reporter, appellant told the court that he
was pleading guilty because he was guilty and that he committed the offense.
          Following the preparation of a pre-sentence investigation report, the trial court
conducted an evidentiary sentencing hearing, during which appellant requested
community supervision so he could get treatment for his alcohol abuse problem. 
After the trial court sentenced him, appellant timely filed a motion for new trial that
was overruled by operation of law. Appellant also filed a motion for bail pending
appeal that was never ruled on by the trial court, although the record shows a notice
of appeal filed by appellant’s attorney that includes the attorney’s assertion that the
trial court denied the bail. 
Legal Sufficiency of Evidence 
          In his first issue, appellant contends that the State provided legally insufficient
evidence to support his conviction for robbery because the evidence is more
suggestive of credit card abuse than robbery by theft. The State responds that the
record contains sufficient evidence in the form of appellant’s stipulation
accompanying his plea of guilty.
          Texas has a procedural requirement that differs from most jurisdictions. Keller
v. State, 125 S.W.3d 600, 604 (Tex. App.—Houston [1st Dist.] 2003, pet. dism’d). 
Pursuant to article 1.15 of the Texas Code of Criminal Procedure, the State must offer
sufficient proof to support any judgment based on a guilty or nolo contendere plea in
a felony case tried to the court. Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon
2005); Ex Parte Williams, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986); Keller, 125
S.W.3d at 604. The State must “introduce evidence into the record showing the guilt
of the defendant and said evidence shall be accepted by the court as the basis for its
judgment and in no event shall a person charged be convicted upon his plea without
sufficient evidence to support the same.” Tex. Code Crim. Proc. Ann. art. 1.15;
Keller, 125 S.W.3d at 604.
          To provide sufficient evidence, the State must enter into the record a showing
of each essential element of the offense charged. Breaux v. State, 16 S.W.3d 854, 857
(Tex. App.—Houston [14th Dist.] 2000, pet. ref’d). “The evidence may be stipulated
if the defendant . . . consents in writing, in open court, to waive the appearance,
confrontation, and cross-examination of witnesses, and further consents either to an
oral stipulation of the evidence and testimony or to the introduction of testimony by
affidavits, written statements of witnesses, and any other documentary evidence in
support of the judgment of the court.” Tex. Code Crim. Proc. Ann. art. 1.15. A
defendant who pleads guilty does not need to concede to the veracity of the evidence
to which he stipulates, but if he does, the court will consider the stipulation to be a
judicial confession. State v. Stone, 919 S.W.2d 424, 426 (Tex. Crim. App. 1996);
Barnes v. State, 103 S.W.3d 494, 497 (Tex. App.—San Antonio 2003, no pet.);
Wright v. State, 930 S.W.2d 131, 133 (Tex. App.—Dallas 1996, no pet.).
          The standards of review for legal sufficiency of the evidence, set forth in
Jackson v. Virginia,


 and for factual sufficiency of the evidence, set forth in Johnson
v. State,


 do not apply when a defendant pleads guilty knowingly and intelligently and
voluntarily enters a plea of guilty or nolo contendere. Ex Parte Williams, 703 S.W.2d
at 682; Keller, 125 S.W.3d at 604–05. Our “sufficiency” review on appeal of felony
pleas of guilty to the court is confined to determining whether sufficient evidence
supports the judgment of guilt under article 1.15 of the Code of Criminal Procedure. 
Tex. Code Crim. Proc. Ann. art. 1.15; Ex Parte Williams, 703 S.W.2d at 678; 
Keller, 125 S.W.3d at 604.
          Appellant pleaded guilty to robbery by confessing that he committed each of
the acts described in the indictment. Appellant read and signed a “Waiver of
Constitutional Rights, Agreement to Stipulate, and Judicial Confession” that
contained the following statement: “I understand the above allegations and I confess
that they are true . . . .” The record establishes that appellant freely, intentionally,
knowingly, and voluntarily confessed to the offense charged. A presumption of
truthfulness and regularity applies to documents filed in the trial court. Breazeale v.
State, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984). Appellant’s judicial confession
is sufficient evidence to show that he committed robbery, and the record need not
otherwise provide proof. See Alexander v. State, 868 S.W.2d 356, 361 (Tex.
App.—Dallas 1993, no pet.) (citing Ex Parte Franklin, 757 S.W.2d 778, 784 (Tex.
Crim. App. 1988)); see also Hunt v. State, 967 S.W.2d 917, 919 (Tex.
App.—Beaumont 1998, no pet.). We hold that appellant’s stipulation of guilt and
judicial confession are sufficient evidence to support the judgment under article 1.15
of the Code of Criminal Procedure. We overrule appellant’s first issue.         
Motion for New Trial
          In his second issue, appellant contends that the trial court erred by allowing his
motion for new trial to be overruled by operation of law without a hearing because
he asserts that he timely presented his motion for new trial by requesting a hearing
date on the motion with the trial court’s court coordinator. The State concedes that
a motion for new trial was timely filed, but asserts that the motion was never properly
presented to the trial court to request a hearing.
          A defendant has a right to a hearing on a motion for new trial when the motion
raises matters that cannot be determined from the record. Reyes v. State, 849 S.W.2d
812, 816 (Tex. Crim. App. 1993); Bruno v. State, 916 S.W.2d 4, 8 (Tex.
App.—Houston [1st Dist.] 1995, no pet.). However, the trial court is under no
requirement to conduct a hearing if the motion for new trial is not presented in a
timely manner. Tex. R. App. P. 21.6; see Rozell v. State, 176 S.W.3d 228, 230 (Tex.
Crim. App. 2005). The Texas Rules of Appellate Procedure require that “the
defendant must present the motion for new trial to the trial court within 10 days of
filing it.” Tex. R. App. P. 21.6. Presentation to the court coordinator satisfies the
presentment requirement of giving actual notice to the trial court. Butler v. State, 6
S.W.3d 636, 641 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d). Presentment
requires a defendant to go beyond simply filing the motion for new trial with the clerk
of the trial court. Rather, “the presentment must result in actual notice to the trial
court and may be evidenced by the judge’s signature or notation on a proposed order
or by a hearing date set on the docket.” Carranza v. State, 960 S.W.2d 76, 79 (Tex.
Crim. App. 1998); see also Rozell, 176 S.W.3d at 230. The defendant bears the
burden of ensuring this notation or setting of a hearing. Simpson v. State, 962 S.W.2d
57, 58 (Tex. App.—Houston [1st Dist.] 1997, no pet.).
          Here, there is nothing in the record to show that appellant’s motion for new
trial was presented to the trial court within 10 days of filing. In his brief, appellant
contends that he sent a letter dated September 26, 2006, to the trial court coordinator
requesting that the motion be set for hearing.


 If the letter had been received and
noted in the record by the court coordinator, it would be sufficient to satisfy the
presentment requirement for the motion for new trial. See Butler, 6 S.W.3d at 641. 
However, the record contains no indication that the letter was received. There is no
file mark on the letter or any other information to show receipt by anyone in the court. 
There is no notation on the motion indicating presentation by appellant, no reset form
setting the motion for hearing, and no notation on the docket sheet regarding the
motion. We note that the appellate record shows that on November 2, 2007,
appellant’s attorney requested that the clerk’s record be supplemented with a copy of
a letter written by him to the court dated September 26, 2006, that requested a hearing
on the motion for new trial. The appellate record was supplemented in 2007 with that
letter. However, the copy of the letter dated September 26, 2006, fails to show that
it was ever received by the clerk of the court because it does not contains a file mark
or any other notation to show that anyone in the court received it. 
          We cannot conclude that the trial court erred by failing to conduct a hearing
because nothing shows that the request was ever received by the court. We hold the
trial court did not err by not conducting a hearing on the motion for new trial. We
overrule appellant’s second issue.       
Motion for Bail Pending Appeal
          In his third issue, appellant contends that the trial court abused its discretion
by failing to hold a hearing on appellant’s motion for bail pending appeal because,
without a hearing, there is no evidence to support the trial court’s decision to deny
bail pending appeal. The State asserts that no ruling was made on the motion by the
trial court and, thus, appellant’s right to appeal is waived.
          It is a well-established rule that in order to preserve error for appellate review,
the record must reflect that a defendant received an adverse ruling from the trial court
on a motion or objection, or that the trial court refused to rule. Tex. R. App. P.
33.1(a)(2); Valle v. State, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) (holding that
preservation of error requires objection and ruling on that objection). The adverse
ruling must explicitly appear in the record; absent any notation as to the trial court’s
decision, error is waived. Hill v. State, 902 S.W.2d 57, 60 (Tex. App.—Houston [1st
Dist.] 1995, pet. ref’d); see also Salinas v. State, 163 S.W.3d 734, 742 (Tex. Crim.
App. 2005) (failure to obtain ruling on motion does not preserve issue for appeal). 
          Here, the record does not reflect that appellant’s motion for bail pending appeal
was ever denied by the trial court. In his brief, appellant asserts that he received
notice of denial of his motion by telephone on or about December 1, 2006. However,
the record contains no indication that appellant’s request for a bail hearing was
denied, or that the trial court ever took any action with respect to the motion. We
hold that error is waived. See Hill, 902 S.W.2d at 60 (complaint concerning trial
court’s failure to set appeal bond waived because appellant failed to obtain adverse
ruling); see also Salinas, 163 S.W.3d at 743. We overrule appellant’s third issue.  Conclusion
          We affirm the trial court’s judgment.
 
 
Elsa Alcala
Justice

Panel consists of Justices Taft, Keyes, and Alcala.

Do not publish. See Tex. R. App. P. 47.2(b).