Opinion issued July 14, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00695-CR

———————————

Michael Earnest Kurkewich, Appellant

V.

State of
Texas, Appellee



 



 

On Appeal from the 434th Judicial District

Fort Bend County, Texas



Trial Court Case No. 09-DCR-052655

 



 

MEMORANDUM OPINION

Michael Earnest Kurkewich pleaded guilty to obstruction or retaliation,
a third-degree felony.  See Tex. Penal Code Ann. § 36.06 (West Supp.
2010).  In accordance
with Kurkewich’s plea agreement with the State, the trial judge assessed a
punishment of five years’ deferred adjudication, a $700.00 fine plus court
costs, three days in jail, and eighty hours of community service. On appeal,
Kurkewich contends that the
evidence is legally and factually insufficient to support the finding that he threatened
to harm Ryan Brown due to Brown’s status as a witness or prospective witness.
Kurkewich’s contention is that the evidence is legally and factually
insufficient to find that Brown was a witness or prospective witness.  We hold that the evidence was legally and
factually sufficient to support the finding of Brown’s status as a prospective
witness and therefore supports Kurkewich’s conviction.  We therefore affirm.

Background

In 2007, Michael
and Kelly Kurkewich lived in a home across the street from Ryan and Lynette Brown.
 That year, Detective R. Williams of the
Fort Bend County Sheriff’s Department began a criminal investigation into the
forgery of three checks deposited into the Kurkewiches’ bank account from the
Browns’ joint account.  Detective
Williams questioned Lynette about the checks.  Lynette explained that, although she and her
husband had not reported it, they had noticed some suspicious developments with
their account, and neither she nor her husband had signed or authorized any checks
transferring funds to the Kurkewiches.  Lynette
also confirmed that the signature on the checks deposited into the Kurkewiches’
account was not her signature.

After further
investigation, Detective Williams suspected that Kelly Kurkewich had forged the
checks.  The police did not interview Brown
before filing charges against Kelly for forgery of a financial instrument in
early 2009.  While the charges against
Kelly were pending, Kurkewich crossed the street into the Browns’ yard, confronted
Brown about the Browns’ accusations against his wife, and threatened to kill Brown
and his family. 

A neighbor, Alecia
Stubbs, witnessed the confrontation and called 911.  The police responded and interviewed Brown, and
later spoke with Stubbs about the incident. 
In her interview, Stubbs described Kurkewich as loud and aggressive
toward Brown.  Consistent with Brown’s
statement, Stubbs recounted that Kurkewich threatened that he was going to kill
all of the Brown family.  

The State did not
interview Brown, identify him as a possible trial witness, or call him to
testify in the proceedings against Kelly. 
Ultimately, Kelly waived her right to trial and pleaded guilty to the
forgery charges. 

The indictment against
Kurkewich charges that he, 

on or about June 2009,
did . . . threaten to harm another, namely Ryan Brown, by an unlawful act in retaliation
for or on account of the service or status of another as a witness or
prospective witness.

Kurkewich entered a
guilty plea and signed a written stipulation and judicial confession admitting
to the conduct charged in the indictment.




 

Discussion

Kurkewich contends
that his conviction for retaliation should be reversed because the evidence is
legally and factually insufficient to support a finding that he is guilty of
the crime.  We disagree.  Under article 1.15 of the Texas
Code of Criminal Procedure, the State must offer sufficient proof to support
any judgment based on a guilty or no contest plea in a felony case tried to the
court.  Tex.
Code Crim. Proc. Ann. art. 1.15 (West 2005); Ex parte Williams, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986); see Menefee v. State, 287 S.W.3d 9, 14
(Tex. Crim. App. 2009).  The State must
“introduce evidence into the record showing the guilt of the defendant and said
evidence shall be accepted by the court as the basis for its judgment and in no
event shall a person charged be convicted upon his plea without sufficient evidence
to support the same.”  Tex. Code Crim. Proc. Ann. art. 1.15.  A defendant who pleads guilty does not need to
admit the truth of the evidence to which he stipulates, but if he does, the
court will consider the stipulation to be a judicial confession.  State v.
Stone, 919 S.W.2d 424, 426 (Tex. Crim. App. 1996); Barnes v. State, 103 S.W.3d 494, 497 (Tex. App.—San Antonio 2003,
no pet.).  A proffer of such evidence
“will suffice to support [a] guilty plea so long as it embraces every
constituent element of the charged offense.”  Menefee,
287 S.W.3d at 13.  When the defendant has
entered a guilty plea in the trial court, our review is limited to determining
whether sufficient evidence supports the judgment of guilt under article 1.15. 

In his plea agreement, written
stipulation, and judicial confession, Kurkewich stipulated and confessed that
he “committed the acts alleged in the indictment in this cause, and that the
evidence and testimony would prove beyond a reasonable doubt that acts and
allegations in the indictment in this cause are true and correct.”  The record establishes that Kurkewich freely,
intentionally, knowingly, and voluntarily confessed to the charge in the
indictment.  In the usual case, a stipulation
of guilt and judicial confession are sufficient evidence to support the
judgment under article 1.15 of the Code of Criminal Procedure.  See
Alexander v. State, 868 S.W.2d 356, 361 (Tex. App.—Dallas 1993, no pet.)
(citing Ex parte Franklin, 757 S.W.2d
778, 784 (Tex. Crim. App. 1988)); see
also Hunt v. State, 967 S.W.2d 917, 919 (Tex. App.—Beaumont 1998, no pet.).
 Here, however, Kurkewich contends that the facts alleged in the indictment do not
support a finding that he is guilty of the crime of retaliation. 

A person commits a retaliation
offense if they intentionally or knowingly harm or threaten to harm another by
an unlawful act in retaliation for or on account of the service or status of
another as a “witness, [or] prospective witness . . . .”  Tex. Penal
Code Ann. § 36.06(a)(1)(A) (West Supp. 2010).  Kurkewich claims
that Brown was not a “prospective witness” under section 36.06.  

For purposes of the statute, “a ‘prospective
witness’ is any ‘person who may testify in an official proceeding.’”  Ortiz
v. State, 93 S.W.3d 79, 87 (Tex. Crim. App. 2002).  “[T]he statute does not require that a person’s
testimony be ‘likely’ in order for that person to be a prospective witness.”  Id.
at 86.  It protects actual, potential,
and possible witnesses, not only for their service, but also for their
status.  See id. at 86–87, 92.  Thus,
the fact that State did not identify or use Brown as a witness does not affect
whether he qualifies as a prospective witness. 


The offense of forgery, the crime
with which Kelly was charged, requires the State to prove that the defendant,
(1) with the intent to defraud or harm another, (2) passed (3) a writing (4)
that purported to be the act of another (5) who did not authorize the act.  Huntley
v. State, 4 S.W.3d 813, 814 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d)
(citing Williams v. State, 688 S.W.2d
486, 488 (Tex. Crim. App. 1985)).  The
record shows that if Lynette became unavailable, Brown could have provided
competent testimony about whether the handwritten signature on the checks
belonged to his wife.  See Orsag v. State, 312 S.W.3d 105, 118
(Tex. App.—Houston [14th Dist.] 2010, pet. ref’d) (citing Denham v. State, 574 S.W.2d 129, 131 (Tex. Crim. App. 1978)).  Also, as joint holder of the affected
account, Brown had personal knowledge that the checks drawn on the account were
unauthorized.  As an individual with
personal knowledge of relevant facts, Brown satisfies the requirement that he
have prospective witness status.  We
therefore hold that legally and factually sufficient evidence supports
Kurkewich’s retaliation conviction.

Conclusion

We affirm the judgment of the trial
court.

 

 

                                                                   Jane
Bland

                                                                   Justice 

 

Panel
consists of Justices Jennings, Bland, and Massengale.

Do
not publish.   Tex. R. App. P. 47.2(b).