

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00192-CR

EDWARD CHARLES BOONE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1
Gregg County, Texas
Trial Court No. 2021-1712

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

A Gregg County jury convicted Edward Charles Boone of driving while intoxicated, with an alcohol concentration level of 0.15 or more, a class A misdemeanor. *See* TEX. PENAL CODE ANN. § 49.04(d) (Supp.). The jury assessed a punishment of 365 days' confinement and imposed a $2,000.00 fine but recommended that confinement be suspended in favor of placing Boone on community supervision for two years. In his pro se brief on appeal, Boone argues that the jury's verdict was not supported by legally sufficient evidence. He also claims that his hired counsel rendered ineffective assistance.

We find that Boone, who has not been found indigent, cannot succeed on his claim of insufficient evidence in the absence of a reporter's record from the trial. We also find that a silent record cannot support Boone's claim of ineffective assistance of counsel. As a result, we affirm the trial court's judgment.

## I. The Lack of a Reporter's Record Defeats Boone's Claim of Insufficient Evidence

"An appellate court may not consider factual assertions that are outside the record . . . ." *Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004)). "The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record." TEX. R. APP. P. 34.1. There is no reporter's record from the trial in our appellate record and, despite having the opportunity to correct that mistake, Boone did not do so.

As the appealing party, Boone has the burden to ensure that the appellate record is sufficient to resolve the issues he presents. *See Amador v. State*, 221 S.W.3d 666, 675 (Tex. Crim. App. 2007) (citing *Guajardo v. State*, 109 S.W.3d 456, 462 n.17 (Tex. Crim. App. 2003)).

2

Moreover, "[i]n a criminal case, if the statement contains a point complaining that the evidence is insufficient to support a finding of guilt, the record must include all the evidence admitted at the trial on the issue of guilt or innocence and punishment." TEX. R. APP. P. 34.6(c)(5).

Here, Boone's failure to include the reporter's record from the trial is dispositive. *See McDougal v. State*, 105 S.W.3d 119, 121 (Tex. App.—Fort Worth 2003, pet. ref'd). "The Court of Criminal Appeals has held 'an appellate court cannot determine the merits of a challenge to the sufficiency of the evidence without a review of the entire record of the trial before the fact[-]finder.'" *Hunt v. State*, 967 S.W.2d 917, 918 (Tex. App.—Beaumont 1998, no pet.) (quoting *Skinner v. State*, 837 S.W.2d 633, 634 (Tex. Crim. App. 1992)).

Because Boone failed to provide this Court with a sufficient record to evaluate his claim of insufficient evidence, we must overrule this point of error.[1]

## II.     The Silent Record Does Not Support Boone's Claim of Ineffective Assistance

In his last point of error, Boone argues that his retained counsel, Jeff Hale, rendered ineffective assistance because he "removed himself from [the] case and allowed the courts to use fraudulent police reports to convict [him] of a DWI."[2]

The Sixth Amendment to the United States Constitution guarantees an accused the right to reasonably effective assistance of counsel in criminal prosecutions. U.S. CONST. amend. VI; *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). We "look to the totality of the representation" in evaluating the effectiveness of counsel. *Auld v. State*, 652 S.W.3d 95, 113

---

[1]Even so, we note that the clerk's record contains the exhibits admitted at trial, including the toxicology laboratory report containing the analysis of Boone's blood specimen. This report showed that analysis of Boone's blood specimen revealed "0.277 . . . grams of alcohol per 100 milliliters of blood."

[2]Boone's pro se briefing on this matter is conclusory.

3

(Tex. App.—Texarkana 2022, no pet.). As many cases have noted, the right to counsel does not mean the right to errorless counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). "[T]o prevail on a claim of ineffective assistance of counsel, [the defendant] must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, [687–88] . . . (1984)." *Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009) (orig. proceeding). A failure to make a showing under either prong of the *Strickland* test defeats a claim for ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003).

To prove ineffective assistance of his counsel, Boone must show (1) that trial counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms, and (2) that there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687–95 (1984); *Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex. Crim. App. 1986). A "reasonable probability" means a "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Under the first *Strickland* prong, "the defendant must prove, by a preponderance of the evidence, that there is . . . no plausible professional reason for a specific act or omission." *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). Accordingly, judicial scrutiny of counsel's performance must be highly deferential, and "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). We apply a strong presumption that trial counsel was competent and presume that

4

counsel's actions and decisions were reasonably professional and motivated by sound trial strategy. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Also, when an appellate record is silent on why trial counsel failed to take certain actions, "the appellant has failed to rebut the presumption that trial counsel's decision was in some way—be it conceivable or not—reasonable." *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007); *see Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

Here, there is no reporter's record of the trial from which to evaluate Boone's claims. Also, the clerk's record shows that no motion for new trial was filed, and as a result, counsel had no opportunity to explain any alleged deficiencies. Based on the silent record, we find that nothing support's Boone's claim of counsel's alleged ineffectiveness. Accordingly, we overrule Boone's last point of error.

## III. Conclusion

We affirm the trial court's judgment.


Charles van Cleef
Justice


Date Submitted: June 27, 2024
Date Decided: June 28, 2024

Do Not Publish