Steve Allen BUTLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–00822–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 30, 1999.

Rehearing Overruled Dec. 9, 1999.

Charles Freeman, Houston, for Appellant.

John B. Holmes, William Delmore, III, Houston, for State.

* The Honorable Sam Bass, retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. This panel opinion resolves appellant's motion for en banc reconsideration directed to the en banc Court, which was pending at the time the panel overruled the motion for rehearing. This Court has decided, as a policy matter, to permit the panel that originally heard the case to resolve all issues in motions

Panel consists of Justices WILSON, NUCHIA, and BASS.*

## OPINION ON MOTION FOR REHEARING

BASS, Justice (Retired).

We must decide an issue of first impression: Does former Texas Rule of Appellate Procedure 31(c)(1) (now Texas Rule of Appellate Procedure 21.6), which requires a defendant to "present" a motion for new trial to the trial court, allow a defendant to present the motion to the trial court's court coordinator, or does the rule require that the motion be physically presented to the actual judge of the trial court? We hold, under the facts of this case, that appellant satisfied the presentment requirement by presenting the motion for new trial to the court coordinator.

In an unpublished opinion, we affirmed Steve Allen Butler's conviction for aggravated sexual assault of a child under 14 years of age, in which a jury assessed punishment at life imprisonment. *See* Act of May 29, 1987, 70th Leg., R.S., ch. 1029, § 1, 1987 Tex. Gen. Laws 3474, 3474 (TEX. PENAL CODE ANN. § 22.011(a), since amended). Appellant simultaneously filed both a motion for rehearing and a motion for en banc reconsideration, urging separate points of error. A panel of this Court has already overruled the motion for rehearing. Because the motion for en banc reconsideration raises separate points of error that the original panel has not yet considered, the panel will treat the motion for en banc reconsideration as a further motion for rehearing.[1]

for rehearing en banc before those issues are submitted to the en banc Court.

We note that once this opinion issues, either party may file a further motion for rehearing, either directed to the panel or to the en banc Court. *See Havner v. E–Z Mart Stores, Inc.,* 825 S.W.2d 456, 458 (Tex.1992) (holding *any* alteration to court of appeals' opinion or judgment entitles party to file further motion for rehearing; construing TEX.R.APP. P. 100(d), 49 TEX. B.J. 584 (Tex.1986), *amended by* TEX.

In point of error two in his further motion for rehearing, appellant contends we erred in not addressing the merits of his point of error 31. In that point, appellant contends the trial court erred by allowing his motion for new trial to be overruled by operation of law without a hearing. We originally concluded appellant waived this point because he did not present the motion for new trial to the trial court. *See generally* TEX.R.APP. P. 31(c)(1), 11 Tex. Reg.1944 (Tex.Crim.App. 1986, amended 1997) ("An accused shall present his motion for new trial to the court within ten days after filing it, unless in his discretion the trial court permits it to be presented and heard within 75 days from after date sentence is imposed or suspended in open court.") (now TEX. R.APP. P. 21.6). In his further motion for rehearing, appellant contends he timely presented his motion for new trial by scheduling a hearing date on the motion for new trial with the trial court's court coordinator during the 10–day presentment period.

The trial court did not allow appellant to present evidence that his attorney scheduled a hearing date on the motion for new trial with the trial court's court coordinator during the 10–day presentment period. Based on appellant's further motion for rehearing, the original panel abated the appeal and remanded the cause to the trial court for the limited purpose of holding an evidentiary hearing to determine the facts surrounding the alleged presentment.

The trial court[2] held an evidentiary hearing and made the following findings of fact:

1. The defendant's lawyer, Charles Freeman, timely filed the document entitled "accused's Original Motion for New Trial" on September 8, 1992.

2. On September 14, 1992, Freeman informed the court coordinator for the 337th District Court, Mr. Kerry Teaff, of the filing of the motion for new trial, and asked that it be set for a hearing.

3. At that time, Teaff made an entry in the Justice Information Management System (J.I.M.S.) reflecting that a hearing on the motion for new trial was scheduled for September 24, 1992. No "agreed setting" form was executed.

4. The date of the scheduled hearing was later changed by Teaff, pursuant to an "off-docket reset," to October 14, 1992.

5. On October 14, 1992, the hearing was rescheduled to occur on October 19, 1992. Teaff's initials appear on the "agreed setting" form on the line designated, "Approved by Court."

6. On October 19, 1992, the judge of the 337th District Court, Hon. Jim Barr, heard arguments on the issue of whether there had been a timely presentment of the motion for new trial and declined to conduct an evidentiary hearing on the motion, which was overruled by operation of law.

7. Prior to October 19, 1992, counsel for the defendant did not physically deliver the motion for new trial to Judge Barr, or verbally inform Judge Barr of its existence.

Based on these facts, we grant appellant's further motion for rehearing and proceed to determine the merits of appellant's point of error two.

### History of the Motion for New Trial in Criminal Cases

In 1856, the Texas Legislature enacted the original Code of Criminal Procedure (the "Old Code"). Article 671[3] of the Old

R.APP. P. 100(d), 53 TEX. B.J. 612 (Tex.1990) (amended 1997, now TEX.R.APP. P. 49.5)).

**2.** The Honorable Jon N. Hughes, presiding.

**3.** Code of Criminal Procedure, 6th Leg., R.S., § 1, art. 671, 1856 Tex.Crim. Stat. 3, 127 ("A

new trial must be applied for within two days after the verdict is returned; but for good cause shown, the Court, in cases of felony, may allow the application to be made at any time before the adjournment of the term at which the verdict was found. When a Court adjourns before the expiration of two days

Code provided that a defendant must apply for a new trial within two days after the verdict is returned. Article 780[4] of the 1879 Code of Criminal Procedure introduced the requirement that the motion must be in writing. If the trial court did not rule on the motion for new trial before the adjournment of the court's term, the motion was overruled by operation of law. *Williams v. State*, 99 Tex.Crim. 356, 269 S.W. 434, 434 (1925). Article 671 remained unchanged in the 1879, 1895, 1911, and 1925 versions of the Code of Criminal Procedure, but was slightly modified in 1935.

In 1951, the legislature made numerous amendments to the Penal Code and Code of Criminal Procedure based on suggestions from the State Bar of Texas. *See Criminal Revision*, 14 Tex. B.J. 121 (1951). Under the revised law, a defendant had 10 days in which to file a written motion for new trial. Act of June 6, 1951, 52d Leg., R.S., ch. 464, 1951 Tex. Gen. Laws 818. The revised law eliminated the arbitrary time period in which the trial court must rule—the adjournment of the court's term—and substituted a 20-day period in which the trial court must rule or the motion was overruled by operation of law. *Id.* The revised law also provided that a timely filed motion survived the adjournment of the trial court's term. *Id.*

The revised law also introduced the presentment requirement. Presentment requires a defendant to go beyond simply filing the motion for new trial with the clerk of the trial court. Instead, the motion for new trial had to be "presented to the court within ten (10) days after the filing of the original or amended motion." *Id.* The rationale for the presentment re-

---

from the return of verdict, the motion shall be made before the adjournment."), *repealed and recodified by* Code of Criminal Procedure, 16th Leg., R.S., § 2, art. 779, § 3, 1879 Tex. Crim. Stat. n.p., 93 (recodification), 157 (repealer), *repealed and recodified by* Code of Criminal Procedure, 24th Leg., R.S., § 2, art. 819, § 3, 1895 Tex.Crim. Stat. 2, 113 (recodification), 182 (repealer), *recodified (but not repealed) by* Code of Criminal Procedure, 32d Leg., R.S., § 2, art. 839, 1911 Tex.Crim. Stat. n.p., 244, *repealed and recodified by* Code of Criminal Procedure, 39th Leg., R.S., § 2, art. 755, § 3, art. 1, 1925 Tex.Crim. Stat. 2, 116 (recodification), 181 (repealer), *amended by* Act of May 9, 1935, 44th Leg., R.S., ch. 308, 1935 Tex. Gen. & Spec. Laws 714 (trial court in both felony and misdemeanor cases may allow application for motion for new trial to be made at any time before adjournment of term), *amended by* Act of June 6, 1951, 52d Leg., R.S., ch. 464, 1951 Tex. Gen. Laws 818 ("A Motion for new trial shall be filed within ten (10) days after conviction as evidenced by the verdict of the jury, and may be amended by leave of the court at any time before it is acted on within twenty (20) days after it is filed. Such Motion shall be presented to the court within ten (10) days after the filing of the original or amended motion, and shall be determined by the court within twenty (20) days after the filing of the original or amended Motion, but for good cause shown the time for filing or amending may be extended by the court, but shall not delay the filing of the record on appeal. A motion for new trial

may be filed after the expiration of the term at which said conviction resulted, either during a new term of court or during vacation, and a Motion for new trial may be determined in vacation or at a new term of court, and need not be determined during the term at which filed."), *repealed and recodified by* Code of Criminal Procedure of the State of Texas, 59th Leg., R.S., ch. 722, § 1, arts. 40.05, 54.02, § 1(a), [2] 1965 Tex. Gen. Laws 317, 477 (recodification), 563 (repealer), *deemed repealed by* Tex.R.App. P. 31, 11 Tex. Reg.1944 (Tex.Crim.App.1986, amended 1997) (now Tex.R.App. P. 21.4–.8). As a side note, the Thirty-second Legislature neglected to include a repealing clause when enacting the 1911 Penal Code and Code of Criminal Procedure. *See Berry v. State*, 69 Tex.Crim. 602, 156 S.W. 626, 635 (1913).

4. Code of Criminal Procedure, 16th Leg., R.S., § 2, art. 780, 1879 Tex.Crim. Stat. n.p., 93, *repealed and recodified by* Code of Criminal Procedure, 24th Leg., R.S., § 2, art. 820, § 3, 1895 Tex.Crim. Stat. 2, 113 (recodification), 182 (repealer), *recodified (but not repealed) by* Code of Criminal Procedure, 32d Leg., R.S., § 2, art. 840, 1911 Tex.Crim. Stat. n.p., 245, *repealed and recodified by* Code of Criminal Procedure, 39th Leg., R.S., § 2, art. 756, § 3, art. 1, 1925 Tex.Crim. Stat. 2, 116 (recodification), 181 (repealer), *repealed by* Code of Criminal Procedure of the State of Texas, 59th Leg., R.S., ch. 722, § 1, art. 54.02, § 1(a), [2] 1965 Tex. Gen. Laws 317, 563.

quirement appears to be a procedural safeguard for the defendant; otherwise, the trial court might never know the motion for new trial was on file with the clerk, and the motion would be overruled by operation of law merely because 20 days passed while the motion went unnoticed. The presentment requirement allows the trial court to review the merits of the motion. The 1951 revised law was nonsubstantively codified into the 1965 Code of Criminal Procedure as article 40.05. Code of Criminal Procedure of the State of Texas, 59th Leg., R.S., ch. 722, § 1, art. 40.05, [2] 1965 Tex. Gen. Laws 317, 477.

In 1986, the Court of Criminal Appeals exercised its newly acquired rulemaking authority and moved article 40.05 to the Texas Rules of Appellate Procedure. TEX. R.APP. P. 31, 11 Tex. Reg.1944 (Tex.Crim. App.1986, amended 1997) (now TEX.R.APP. P. 21.4–.8); *see* TEX. GOV'T CODE ANN. § 22.108 (Vernon 1988 & Supp.1999) (rules of appellate procedure in criminal cases). Under former rule 31, a defendant must file a motion for new trial within 30 days after sentence is imposed or suspended in open court. TEX.R.APP. 31, 11 Tex. Reg. 1944 (Tex.Crim.App.1986, amended 1997). *Id.* The trial court now has 75 days to rule on the motion, and former rule 31 specifically provides that the motion shall be considered overruled by operation of law after 75 days. *Id.* These changes—from 10 to 30 days for filing the motion for new trial and from 20 to 75 days for the court to rule on the motion for new trial—were made as part of an overall goal of the Texas Rules of Appellate Procedure to harmonize appellate practice in civil and criminal cases insofar as no substantial reason for differences exists. Clarence A. Guittard, *Proposed Uniform Rules of Appellate Procedure*, 48 TEX. B.J. 24, 24 (1985); *see* TEX.R. CIV. P. 329b(a), (c) (motions for new trials in civil cases).[5] Former rule 31 was nonsubstantively recodi-

fied in 1997 into current Texas Rule of Appellate Procedure 21.4–.8.

### Presentment

Because presentment has not been specifically defined by the legislature, it is to be defined according to "common usage." Code Construction Act, TEX. GOV'T CODE ANN. § 311.011(Vernon 1987). The Court of Criminal Appeals has recently held that "presentment" "means the record must show the movant for a new trial sustained the burden of actually delivering the motion for new trial to the trial court or otherwise bringing the motion to the attention or actual notice of the trial court." *Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Crim.App.1998). "The presentment must be directed to the trial court or another authorized to act on behalf of the trial court. The presentment must result in actual notice to the trial court and may be evidenced by the judge's signature or notation on a proposed order or by a hearing date set on the docket." *Id.* at 79.

Though, like the definition, the purpose of the presentment requirement is left unclear by the legislature, the trial courts have employed it as a tool to alert them that a motion for new trial has been filed and now requires some action on their part. *Gray v. State*, 928 S.W.2d 561, 563 (Tex.Crim.App.1996) (Keller, J., dissenting). The presentment requirement forces the defendant's attorney to attempt to compel the judge to study the merits of the motion.

### Court Coordinators

An interim committee of the Sixty-eighth Legislature recommended the creation of the position of court coordinator as part of a larger plan to combat delays due to the increase in the trial courts' caseloads. SELECT COMMITTEE ON THE JUDICIARY, FINAL REPORT AND RECOMMENDATIONS TO THE 69TH LEGISLATURE 18, 20, 25, 30 (n.d.). The committee envisioned the court coordinator as providing the crucial functions of

---

**5.** Effective January 1, 1981, the Texas Supreme Court eliminated the presentment requirement for motions for new trial in civil

cases. TEX.R. CIV. P. 329b cmt., 43 TEX. B.J. 779–80 (1980); *see Cecil v. Smith*, 804 S.W.2d 509, 512 (Tex.1991).

calendaring, scheduling, monitoring, analyzing, and reporting on the court's caseflow. *Id.* at 20. The legislature accepted this recommendation as a part of Court Administration Act it passed in 1985. Act of May 27, 1985, 69th Leg., R.S., ch. 732, sec. 2, § 6.001, 1985 Tex. Gen. Laws 2533, 2542, *repealed and codified by* Act of Apr. 30, 1987, 70th Leg., R.S., ch. 148, sec. 2.93(a), § 74.101, sec. 2.93(b)(4), 1987 Tex. Gen. Laws 534, 590 (codification), 591 (repealer). The idea of the court coordinator or administrator was not new to Texas. *See Omnibus Judicial Act,* 31 SUGGESTED STATE LEGISLATION 8, 8, 14 (1972).

The purpose of the Court Administration Act was "to provide all citizens of this state a prompt, efficient, and just hearing and disposition of all disputes before the various courts." Act of May 27, 1985, 69th Leg., R.S., ch. 732, sec. 1, 1985 Tex. Gen. Laws 2533, 2533, *repealed by* Act of Apr. 30, 1987, 70th Leg., R.S., ch. 148, sec. 2.93(b)(4), 1987 Tex. Gen. Laws 534, 591. The court coordinator was specifically established by the legislature in order "to improve justice and expedite the processing of cases through the courts." TEX. GOV'T CODE ANN. § 74.101(a) (Vernon 1998). In addition, "each court coordinator serves at the pleasure of the judge who appointed him." TEX. GOV'T CODE ANN. § 74.101(b) (Vernon 1998). This Court has also recognized that the court coordinator can act as an "agent for the trial court" in the pursuit of judicial economy and efficiency. *Higginbotham v. Collateral Protection, Inc.,* 859 S.W.2d 487, 490 (Tex.App.—Houston [1st Dist.] 1993, writ denied).

### Is Presentment to the Court Coordinator Effective?

 Having discussed the history and purposes of the motion for new trial, pres-

entment requirement, and the role of the court coordinator, we now consider the question whether presentment to the court coordinator is sufficient to satisfy the presentment requirement. Considering the policy reasons behind the presentment requirement (calling the motion to the trial court's attention), the court coordinator's role (serving as the trial court's agent in scheduling and monitoring the court's caseload), and the Court Administration Act's purpose (providing "a prompt, efficient, and just hearing and disposition of all disputes"), it is clear that presentation to the court coordinator satisfies the presentment requirement of giving actual notice to the trial court.

Requiring a defendant's attorney to spend hours tracking down the trial judge, physically presenting the motion for new trial to the judge, and obtaining the judge's signature as proof of presentment simply serves no legitimate purpose.[6] The legislature provided court coordinators to act as the trial court's agent for such administrative responsibilities, and our responsibility is to construe the law in favor of a just and reasonable result. Code Construction Act, TEX. GOV'T CODE ANN. § 311.021 (Vernon 1998). To hold otherwise would merely waste both the court's and defendant's time and money. Accordingly, we sustain point of error two in appellant's further motion for rehearing and hold, under the facts of this case, appellant presented the motion for new trial to the trial court.[7]

### Hearing on the Motion for New Trial

 We now consider the merits of

---

6. As a practical matter, in urban counties the defense attorney is unlikely to get a hearing on the motion for new trial set by the trial judge because it is the court coordinator who keeps the court's calendar.

7. We have held previously that "[i]t behooves a defendant to memorialize presentment within 10 days by obtaining a written notation on

a proposed order setting the motion for new trial on a specific date." *Simpson v. State,* 962 S.W.2d 57, 58 (Tex.App.—Houston [1st Dist.] 1997, no pet.). In light of this opinion, we suggest that criminal defense attorneys obtain a written, dated notation from the court coordinator memorializing the timely presentment.

appellant's point of error 31.[8] A defendant has a right to a hearing on a motion for new trial when the motion raises matters that cannot be determined from the record. *Reyes v. State*, 849 S.W.2d 812, 816 (Tex.Crim.App.1993); *Bruno v. State*, 916 S.W.2d 4, 8 (Tex.App.—Houston [1st Dist.] 1995), *reh'g en banc denied*, 937 S.W.2d 121 (Tex.App.—Houston [1st Dist.] 1996, no pet.). If a defendant's motion for new trial and supporting affidavit are sufficient to raise a matter not determinable from the record, a hearing on the motion is mandatory. *Reyes*, 849 S.W.2d at 816; *Bruno*, 916 S.W.2d at 8. A defendant need not establish a prima facie case for a cognizable ground raised in a motion for new trial; he must assert only reasonable grounds for relief that cannot be determined from the record in order to be entitled to an evidentiary hearing. *Jordan v. State*, 883 S.W.2d 664, 665 (Tex.Crim. App.1994); *Bruno*, 916 S.W.2d at 8. The purpose of the hearing is for a defendant to fully develop the issues raised in a motion for new trial. *Jordan*, 883 S.W.2d at 665; *Bruno*, 916 S.W.2d at 8.

In this case, appellant's motion for new trial was timely filed and was properly supported by affidavits from his attorney and his sister. As grounds, he claims the following:

### I.

That this Honorable Court denied Accused effective assistance of counsel by denying the undersigned lawyer any opportunity for *voir dire* examination on the critical issue of jury sequestration; and, thereby, denying Accused any meaningful, *i.e.*, free and voluntary, opportunity to *not* consent to this Honorable Court's proposed jury separation agreement during deliberations on Accused's guilt in this case.

**8.** The State did not argue the merits of this point, but instead relies on its claim that

### II.

That this Honorable Court denied Accused effective assistance of counsel by allowing the State, over Accused's objections, to engage in subterfuge and chicanery as a result of having indicted Accused of an offense allegedly committed on or about 01 February 1991, a date the State *knew* to be deceptive; allowing the State to select any one of four alleged offenses, three of which were extraneous, during trial as consistent with on or about 01 February 1991; and, authorizing the jury to convict the Accused thereunder. .

### III.

That this Honorable Court committed the following other material errors calculated to injure substantial rights of the Accused in this cause:

a. Deprived Accused of a fair trial by an impartial jury by (1) denying Accused's First Motion For Change Of Venue; (2) denying Accused any opportunity for *voir dire* examination on the critical issue of jury sequestration; and, thereby, (3) forcing Accused to face jurors tainted by both overwhelming as well as "unusual" *pre* trial and trial publicity dispositive of Accused's guilt in this cause;

b. Deprived Accused of a venire drawn from an array lawfully selected and summoned to appear on 03 August 1992 at or near 8:00 o'clock A.M.; and, deprived Accused of any meaningful opportunity to timely perfect error in the unlawful venire drawn from the unlawful array purportedly selected and summoned to appear on 03 August 1992 at or near 8:00 o'clock A.M.; and,

c. Overruled Accused's objections to, and challenges for cause against, venirepersons who been neither lawfully selected nor lawfully summoned to appear with the array lawfully

appellant waived it by not presenting the motion for new trial to the trial court.

selected and summoned to appear on 03 August 1992 at or near 8:00 o'clock A.M.; and, denied Accused's request for additional peremptory challenges to remove, among others, such objectionable venirepersons nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 19, 24, 30, 32, 34, 38, 41, 42 and 44.

## IV.

That the State and its witnesses, Gwendolyn Baines and Juanna Baines, first fabricated testimony on and then suppressed both forensic and other macroscopic evidence of bleach and blood stains in the carpet of the bedroom where the alleged offense in this cause purportedly occurred; and, that such evidence was clearly exculpatory with respect to Accused's guilt and mitigating with respect to Accused's punishment.

## V.

That the State and its witness, Juanna Baines, fabricated testimony of an attempted suicide by ingestion of prescribed medication for her back injury which was purportedly witnessed by Winifred LNU; and, that such evidence was clearly exculpatory with respect to Accused's guilt and mitigating with respect to Accused's punishment.

Appellant has not asserted a reasonable ground in his motion for new trial that cannot be determined from the record. Appellant either complains about matters that he could (and sometimes did) object to at trial, or he suggests that evidence was fabricated without explaining why he could not have known of these alleged fabrications at trial. We conclude that the trial court was not required to hold an evidentiary hearing on appellant's motion for new trial before the motion was overruled as a matter of law. Point of error 31 in appellant's brief is overruled.

## Peremptory Strikes and Harmless Error

 In point of error one in appellant's further motion for rehearing, appellant relies on *Nunfio v. State* to argue this Court erred in imposing a harm analysis on his exercise of peremptory strikes. 808 S.W.2d 482, 485 (Tex.Crim.App.1991). The Court of Criminal Appeals recently overruled *Nunfio*. *Gonzales v. State*, 994 S.W.2d 170, 172 (Tex.Crim.App.1999).

We overrule point of error one in appellant's further motion for rehearing.

## Conclusion

We deny appellant's requested relief. Our August 21, 1997 judgment, which affirmed the trial court's judgment of conviction, remains unchanged.