In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00677-CV
____________

BROOKSHIRE BROTHERS, INC., Appellant

V.

WESLEY SMITH, Appellee




On Appeal from the 411th District Court 
Trinity County, Texas
Trial Court Cause No. 17,290 




SUPPLEMENTAL OPINION 
ON MOTIONS FOR FURTHER REHEARING AND
FOR EN BANC RECONSIDERATION

          Appellee, Wesley Smith (Smith), has challenged our opinion issued on
rehearing on May 13, 2004 by filing a “Motion for Rehearing En Banc.” We
construed Smith’s motion as requesting both further rehearing and en banc
reconsideration.


 We have denied further rehearing, and the en banc Court has voted
to deny en banc reconsideration. 
          We issue this supplement to our opinion of May 13, 2004 to (1) explain the
settled practice that this Court follows when a party timely files both a motion for
rehearing or further rehearing and a motion for en banc reconsideration, as we
described that practice in Butler v. State, 6 S.W.3d 636, 637 n.1 (Tex. App.—Houston
[1st Dist.] 1999, pet. ref’d), and thus clarify that (2) the Butler practice applies in civil
cases. 
                                              Procedural Background
          This Court has issued three opinions in this case—an original opinion, issued
on July 31, 2003, and two opinions on rehearing, issued on December 31, 2003 and
May 13, 2004. Smith challenged each of these by filing a single motion in which he
requested both rehearing by the original panel of justices who decided the case and
reconsideration by the en banc Court. Appellant, Brookshire Brothers, Inc.,
responded to all three motions. The Court has applied the same procedural practice
to each of Smith’s challenges to the three opinions. The panel of justices who heard
the case has twice granted Smith’s motions for rehearing by issuing a new opinion 
and judgment. These issued on December 31, 2003 to replace the July 31, 2003
opinion and judgment, and on May 13, 2004 to replace the December 31, 2003
opinion and judgment. Smith’s motions for en banc reconsideration of the July 31,
2003 and December 31, 2003 opinions were rendered moot when the original panel
granted rehearing.



          After we issued our May 13, 2004 opinion on rehearing, Smith timely filed a
“Motion for Rehearing en Banc.” We construed that motion as requesting both
further rehearing and en banc reconsideration. The justices who participated in the
May 13, 2004 panel opinion considered Smith’s motion, to the extent that it
constituted a motion for further rehearing, but concluded that it had no merit. Smith’s
motion was then presented to the en banc Court, which voted to deny en banc
reconsideration.
Discussion
          A motion for rehearing differs from and serves a different purpose than a
motion for en banc reconsideration. For example, stricter time limits govern the
motion for rehearing than govern the motion for en banc reconsideration. Compare
Tex. R. App. P. 49.1 (must file motion for rehearing within 15 days after
court-of-appeals judgment is rendered) with Tex. R. App. P. 49.7 (may file motion for
en banc reconsideration while court of appeals has plenary jurisdiction);


 see also
Tex. R. App. P. 19.1 (plenary power of court of appeals expires 60 days after
judgment if no timely filed motion to extend time or motion for rehearing is then
pending); Tex. R. App. P. 41.2(c) (stating that en banc reconsideration is disfavored
and listing standards); Tex. R. App. P. 49.7 (reconsideration en banc suspends finality
of panel’s judgment or order). 
          Whether seeking rehearing, pursuant to rule 49.1, or further rehearing, pursuant
to rule 49.5, a party’s sole purpose is to convince the panel of justices who considered
the case to change the decision because it was erroneous—for whatever reason. See
Tex. R. App. P. 49.1, 49.5; see also Tex. R. App. P. 49.3 (authorizing majority of
justices who participated in the case to grant rehearing). In contrast, en banc
reconsideration is limited to situations in which (1) en banc reconsideration is
necessary to secure or maintain uniformity of the Court’s decisions or (2)
extraordinary circumstances require en banc consideration. See Tex. R. App. P.
41.2(c). 
          Smith’s “Motion for Rehearing en Banc” begins by arguing that extraordinary
circumstances require en banc consideration of this case and thus invokes one of the
standards of rule 41.2(c). See id. The arguments in the motion, however, repeatedly
assert that “the panel opinion is wrong.” The substance of the motion thus concerns
matters pertinent to motions for further rehearing under rule 49.5 and matters
concerning rule 41.2( c). 
          When a party timely files both a motion for rehearing or further rehearing and
a motion for en banc reconsideration, it has long been the practice of this Court to
present the motion for rehearing or further rehearing to the original panel of justices
who heard the case; if the panel denies rehearing or further rehearing, as here, the
motion for en banc reconsideration is then presented to the en banc Court. See
Butler v. State, 6 S.W.3d 636, 637 & n.1 (Tex. App.—Houston [1st Dist.] 1999, pet.
ref’d); see also Barker v. Eckman, No. 01-01-00079-CV, slip op. at 2, 2004 WL
163462 at *1 (Tex. App.—Houston [1st Dist.] Jan. 22, 2004, pet. granted) (mem.
opinion on rehearing; citing Butler for discussion of treatment of motions for en banc
consideration).



          Having considered the merits of Smith’s “motion for rehearing en banc,” we
deny the motion to the extent that it constituted a further motion for rehearing under
rule 49.5. See Tex. R. App. P. 49.5. On presentation of Smith’s request for en banc
reconsideration, the en banc Court denied reconsideration en banc. See Tex. R. App.
P. 49.7. 
                                                             Conclusion
          We deny further rehearing.
 
 
 
     Elsa Alcala
     Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Higley. 
 
En banc reconsideration was requested. No majority of the en banc Court having
voted for reconsideration, en banc reconsideration is denied.