Affirmed and Memorandum Opinion filed March 10, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00676-CR

___________________

 

Janice Poe, Appellant

 

V.

 

THE State of Texas, Appellee



 



 

On
Appeal from the 359th District Court

Montgomery County,
Texas



Trial Court Cause No. 08-08-07927-CR

 



 

 

MEMORANDUM OPINION

            Appellant
Janice Poe contends the trial court erred in failing to hold a hearing on her
motion for new trial, in which she argued that she received ineffective
assistance of counsel at a probation-revocation hearing.  Because the record
does not show that the motion was timely presented, we conclude that the trial
court did not abuse its discretion in failing to hear it.  We therefore affirm
the trial court’s judgment.

I.  Background

            Appellant
was charged with two counts of aggravated assault with a deadly weapon.  She
pleaded guilty to one count pursuant to a plea agreement, and the trial court
assessed punishment consisting of a $1,000 fine and confinement for five years
in the Texas Department of Criminal Justice, Institutional Division.  The sentence
initially was fully probated, but appellant failed to comply with the terms of
her release, and the State filed a motion to revoke her community supervision. 
She accordingly was arrested in March 2010, and after a hearing on June 3,
2010, the trial court revoked her community supervision and sentenced her to
five years’ confinement, applying credit for the time already served.  The next
day, her court-appointed trial attorney filed a notice of appeal and a motion
to withdraw.  The trial court granted the motion and appointed appellate
counsel.  

            On July 2,
2010, the appellate attorney filed a motion for new trial on the ground that appellant’s
prior representative rendered ineffective assistance.  Between the appellate attorney’s
signature on the motion for new trial and the motion’s certificate of service
is a “certificate of presentment,” representing that “a true and correct copy
of the above and foregoing has been hand-delivered to the Office for the 359th
District Court, on this day, 2nd of July, 2010.”  The record also contains a blank
proposed order setting the motion for a hearing.  No hearing was scheduled, and
the motion was overruled by operation of law. 

            In her sole
issue on appeal, appellant argues that the trial court erred in failing to hold
a hearing on her motion for new trial.  We review the trial court’s action for
abuse of discretion, and reverse only if the failure to hold a hearing was
arbitrary or unreasonable.  Daniels v. State, 63 S.W.3d 67, 69–70 (Tex.
App.—Houston [14th Dist.] 2001, pet. ref’d).

II.  Analysis

            To
prevail on a claim of ineffective assistance of counsel, an appellant must
prove by a preponderance of the evidence that counsel’s representation fell
below the objective standard of prevailing professional norms, and there is a
reasonable probability that, but for counsel’s deficiency, the result of the
proceeding would have been different.  Strickland v. Washington, 466
U.S. 668, 690–94, 104 S. Ct. 2052, 2066–68, 80 L. Ed. 2d 674 (1984).  An
appellate court’s review begins with a strong presumption that the attorney’s
actions were reasonably professional and were motivated by sound trial
strategy.  Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994)
(en banc).  When the record is silent as to the attorney’s strategy, the
reviewing court will not conclude that the appellant received ineffective
assistance unless the challenged conduct was “‘so outrageous that no competent
attorney would have engaged in it.’”  Goodspeed v. State, 187 S.W.3d
390, 392 (Tex. Crim. App. 2005) (quoting Garcia v. State, 57 S.W.3d 436,
440 (Tex. Crim. App. 2001)).  In most cases, however, the lack of a clear
record prevents the appellant from establishing that trial counsel’s conduct
fell below professional norms, because the reasonableness of counsel’s choices
and motivations during trial can be proven deficient only through facts that do
not normally appear in the appellate record.  Mata v. State, 226 S.W.3d
425, 430 (Tex. Crim. App. 2007).  

            Evidence that
trial counsel’s actions were not strategically motivated usually is developed
through a hearing on a motion for new trial.  A criminal defendant has a right
to such a hearing if the new-trial motion raises matters that cannot be
determined from the existing record.  See Reyes v. State, 849
S.W.2d 812, 816 (Tex: Crim. App. 1993).  

            There are,
however, requirements that must be satisfied.  The criminal defendant not only must
request a hearing, but also must “present the motion for new trial to the trial
court within 10 days of filing it, unless the trial court in its discretion
permits it to be presented and heard within 75 days from the date when the
court imposes or suspends sentence in open court.”  Tex. R. App. P. 21.6.  Such presentment serves “‘to put the
trial court on actual notice that a defendant desires the trial court to take
some action on the motion for new trial such as a ruling or a hearing on it.’” 
Stokes v. State, 277 S.W.3d 20, 21 (Tex. Crim. App.
2009) (quoting Carranza v. State, 960 S.W.2d 76, 78 (Tex.
Crim. App. 1998)).  But the trial court is not required to conduct a hearing if
the motion for new trial is not timely presented.  Gardner v. State, 306
S.W.3d 274, 305 (Tex. Crim. App. 2009).  

            We will not
conclude that the trial court erred in failing to conduct a hearing on the
motion unless it is apparent from the record that the motion was timely
presented.  Id.  Where the record shows only defense counsel’s statement
that the motion had been or would be presented, but does not indicate that
counsel in fact communicated the request for a hearing in a timely manner to a
person capable of acting on it, we cannot conclude that the presentment
requirement was satisfied.  See id. (defense counsel’s “certificate of
presentment” that the motion “would be hand-delivered to the trial court” held
insufficient to demonstrate timely presentment where the record did not show it
was “hand-delivered to the trial judge” or that “the trial judge ever
saw the motion”); Burrus v. State, 266 S.W.3d 107, 115 (Tex.
App.—Fort Worth 2008, no pet.) (defense counsel’s certificate of presentment
and notation on docket sheet that counsel filed a motion for new trial held
insufficient to demonstrate timely presentment); Longoria v. State, 154
S.W.3d 747, 762–63 (Tex. App.—Houston [14th Dist.] 2004, pet. ref’d) (holding
that defendant’s “Notice of Presentment” was insufficient to meet the
presentment requirement absent evidence that the motion or notice actually was
presented to the trial court or the court coordinator); cf. Butler v. State,
6 S.W.3d 636, 638, 641 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d) (op.
on reh’g) (presentment requirement satisfied where the record showed that defense
counsel informed the court coordinator that the motion was filed, asked that it
be set for hearing, and the coordinator scheduled and rescheduled the hearing). 


            Unlike the Butler
case,[1]
the record here does not indicate whether defense counsel notified the trial
coordinator of the motion and requested a hearing.  Defense counsel did include
a notice of hearing with the motion, but our record does not indicate to whom,
if anyone, the motion was presented.  Montgomery County, like Harris County,
uses trial coordinators to schedule hearings.[2]
 If the record indicated that counsel presented the motion to the trial
coordinator and requested a hearing, our holding might be different.  

            Because it
is not apparent from the record that the motion for new trial was timely
presented, we cannot conclude that the trial court abused its discretion in
failing to hear it.  See Gardner, 306 S.W.3d at 305.  We therefore
overrule appellant’s sole point of error and affirm the trial court’s judgment.

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

Panel consists of Chief
Justice Hedges and Justices Frost and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] In Butler, the
appellant asserted in a motion for rehearing that he presented the motion for
new trial to the court coordinator and scheduled a hearing within ten days of
judgment.  Butler, 6 S.W.3d at 638.  The First Court of Appeals remanded
the case to the trial court for the limited purpose of establishing the facts
related to this allegation.  Id.  The appellant in this case, however,
makes no similar assertion. 





[2] The Local Rules for the
District Courts of Montgomery County indicate that trial coordinators
coordinate all setting requests in civil cases.  See Montgomery County (Tex.) Dist. Ct. Loc.
R. 3.5.  The rule is silent as to settings for criminal cases, but the daily printed
docket referenced in Rule 3.5 contains both civil and criminal cases.  See,
e.g., Daily Docket Listing, 359th
District Court, http://www.co.montgomery.tx.us/dcourts/dockets/359thdaily.txt
(last visited Mar. 1, 2011).