

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-20-00034-CR
No. 02-20-00035-CR

———————————————————

MICHAEL RAY KERR, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court Nos. CR19-0626, CR19-0627

Before Bassel, Womack, and Walker, JJ.
Memorandum Opinion on Rehearing by Justice Walker

## MEMORANDUM OPINION ON REHEARING

On July 1, 2021, we issued a memorandum opinion and two judgments affirming appellant Michael Ray Kerr's convictions for unauthorized use of a motor vehicle and for evading arrest or detention with a vehicle. Part of our decision was based on the fact that the record did not reflect that Kerr had properly presented his motion for new trial to the trial court. Kerr filed a motion for rehearing and requested a supplemental clerk's record, which contained proof that the motion arguably had been properly presented. After review of the motion and the State's response, we grant Kerr's motion for rehearing, withdraw our July 1, 2021 memorandum opinion and judgments, and substitute the following.

Kerr attacks his convictions in two issues and argues that the trial court abused its discretion by failing to conduct a hearing on his motion for new trial and by denying his motions to continue the trial. Kerr, however, failed to establish reasonable grounds in his new-trial motion and affidavit showing that he potentially could have been entitled to relief, and he has shown neither error nor prejudice attributable to the continuance denials. Thus, the trial court did not abuse its discretion, and we affirm the trial court's judgments.

## I. BACKGROUND

On June 13, 2019, Scotty Edmunds called the police to report that his 2012 black Chevrolet Silverado truck had been stolen. Two days later, Sheriff's Deputy Jarrett Turner was informed that a truck had been stolen, that Kerr was in possession

2

of the truck,[1] that Kerr had active warrants for his arrest, and that Kerr had facial tattoos. Turner later saw a "black Chevy 2500" drive past him. When Turner followed the truck, he electronically checked its license-plate number and discovered that the plates had not been registered to that truck. Turner then saw the truck pull up to a bank ATM. Turner recognized the driver as Kerr because of his facial tattoos.

When Kerr drove away from the ATM, Turner turned on his patrol car's overhead lights. Kerr sped off, later swerved off the road, and jumped out of the car while it was still moving. A woman followed Kerr out of the driver's side of the truck. Kerr ran away, and Turner chased him for a short time. When Turner lost sight of Kerr, he went back to where Kerr and the woman had jumped out to secure the truck, which had hit a pole. About an hour later, Turner and another officer searched the area to try to find Kerr. Kerr was eventually found and arrested. Kerr told Turner that he had been driving the truck, that he knew the truck was stolen, that the truck belonged to "Mary Daniels," and that "[s]he was in the backseat."

Kerr, a repeat felony offender, was indicted with unauthorized use of a motor vehicle and with evading arrest or detention with a vehicle, and the cases were consolidated and set for a February 10, 2020 trial. *See* Tex. Penal Code Ann. §§ 3.02, 12.42, 31.07(a), 38.04(a).

---

[1]It is unclear from the record how the police knew that Kerr was in possession of the stolen truck. The record only reflects that this information was shared during a pre-shift briefing.

Kerr's trial counsel filed three motions for continuance. The first motion was an agreed motion for continuance, filed three days before trial, alleging that "new facts and information" had been discovered, necessitating further investigation, and that counsel had a scheduling conflict. The trial court denied the motion.

On the first day of trial, Kerr filed a second motion for continuance and contended that "officers believed someone besides [Kerr] was responsible for stealing the vehicle that was involved in this case." Kerr's counsel also filed a motion for the appointment of an investigator with her second continuance motion "to [e]nsure that defendant receives the right to effective assistance of counsel." Before voir dire began, the trial court addressed the continuance issue. Kerr's counsel asserted that she had also filed a third motion for continuance that morning "just to be on the safe side."[2] The trial court orally denied the second and third continuance motions but granted the motion for an investigator.[3]

On February 13, a jury found Kerr guilty of unauthorized use of a motor vehicle and of evading arrest or detention with a vehicle. After a punishment hearing,

---

[2]The third motion was not filed until the next day—February 11; however, Kerr's counsel provided copies of the motion to the State and to the trial court before the trial court orally denied it. The third motion averred that "new facts and information about the case came to light over the weekend, and that information needs to be investigated further."

[3]The order denying the second and third continuance motions was filed on February 12. The clerk's record does not contain an order granting the motion for an investigator.

the jury assessed his sentences at 20 years' confinement for unauthorized use of a motor vehicle and at 75 years' confinement for evading arrest or detention with a vehicle. The trial court set the sentences to run concurrently. *See id.* § 3.03(a). Kerr filed a notice of appeal that same day, and the trial court appointed him appellate counsel.

On February 26, the trial court held a hearing on the State's agreed motion to correct the appellate record.[4] The trial court granted the motion and allowed Kerr to "speak to the Court." Kerr complained that he had not wanted to go to trial and had wanted to accept the State's 50-year plea-bargain offer but that his trial counsel had not allowed him to accept it. The trial court took no action on Kerr's assertion.

On March 12, Kerr filed a timely, verified motion for new trial, alleging ineffective assistance of counsel and requesting a hearing. *See* Tex. R. App. P. 21.3(h), 21.4(a). Kerr attached his affidavit to the motion and alleged that his trial counsel had advised against accepting the State's plea-bargain offer and had not been prepared for trial, which was shown by her late requests to continue the trial and for an investigator and by her ignorance of the basic facts of the offenses. The motion also included a "certificate of presentment," certifying that Kerr's appellate counsel had "hand-delivered" a copy of the motion "to the Office for the 43rd Judicial District Court of Parker County." *See* Tex. R. App. P. 21.6. On March 16, the trial court's court

---

[4]Both Kerr's trial and appellate counsel were present at the hearing.

coordinator, Kerr's counsel, and the prosecutor began discussing by email when Kerr's motion for new trial could be set for a hearing.[5] On March 19, the State filed a response to the motion and argued that because Kerr had failed to make a prima facie showing of deficient performance or of prejudice arising from trial counsel's performance, he was not entitled to a hearing on his motion. Although the court coordinator told the prosecutor and Kerr's counsel on March 20 that she "believe[d] the court is going to set this for hearing," it was not, and the motion was deemed denied. *See* Tex. R. App. P. 21.8(c).

## II. DENIAL OF CONTINUANCES

In his second issue, Kerr argues that the trial court abused its discretion by denying trial counsel's three continuance motions because the denials deprived him of the ability to present a defensive theory—that someone else had stolen the truck. We review the denials for an abuse of discretion. *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007). A continuance denial will be an abuse of discretion only if the appellant shows both error and prejudice. *Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010). Error occurs if the appellant made a convincing case for delay such that no reasonable trial judge could conclude scheduling, or the State's interest, outweighed the appellant's interest in a delay of the trial. *Id.* An appellant establishes

---

[5]These communications with the court coordinator satisfy the presentment requirement. *See Butler v. State*, 6 S.W.3d 636, 641 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd).

prejudice by specifically showing how he was harmed by the absence of more preparation time than he actually had. *Id.* at 842–43.

Kerr has shown neither error nor prejudice. The newly discovered evidence Kerr relied on to request a continuance, specifically that someone else had stolen the truck, was not relevant to the offenses with which Kerr was charged. Kerr was not charged with theft of the truck, and he admitted that he knew the truck he was driving had been stolen. *See* Tex. Penal Code Ann. § 31.07(a). Accordingly, the trial court could have concluded that scheduling and other considerations outweighed Kerr's interest in a trial delay. *See, e.g., Nwosoucha v. State*, 325 S.W.3d 816, 827–28 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

Kerr's assertion of prejudice is likewise insufficient. He argues that the denials precluded him from "assessing, addressing, or preparing for the new facts and information." This bare assertion does not raise specific prejudice to his defense. *See Heiselbetz v. State*, 906 S.W.2d 500, 511–12 (Tex. Crim. App. 1995). Further, the jury heard evidence that Kerr was not alone in the truck and that Kerr did not admit to stealing the truck, which apparently was the extent of the "new facts and information" referred to in the continuance motions. These facts negate any prejudice assertion. *See Gallo*, 239 S.W.3d at 765. We overrule issue two.

## III. NEW-TRIAL HEARING

Kerr argues in his first issue that the trial court abused its discretion by failing to hold a hearing on his new-trial motion. In his motion, Kerr relied on his assertion

7

that his trial counsel's assistance had been constitutionally ineffective.  In his affidavit, Kerr focused on his counsel's advice to not accept the State's 50-year plea-bargain offer:

> [Four days before trial,] I was transported to the courthouse for a hearing on my case.  [Counsel] told me the District Attorney's offer in my case was 50 years in prison and I told her I wanted to accept that offer.  [Counsel] told me I had a better chance of getting less than 50 years if I took it to trial.  I asked [counsel] for the paperwork for the 50 year plea offer but she said no and instead brought two other attorneys in to meet with me and both of them said I should go to trial.  I did not want to go to trial because I feared getting a much longer sentence than 50 years, which is what happened because the jury ultimately gave me a 75 year sentence.  I wanted to take the 50 year plea offer and I believe I was not given a fair trial because my attorney would not let me sign for the 50 year plea offer and she was not prepared for trial.  Right before jury selection began, . . . my attorney told me the 50 year offer was still available.  I reminded her she told me the previous Thursday I should not take that offer.  I asked her what I should do and she advised me to go to trial.

He also pointed to his counsel's lack of preparation for trial, leading to her last-minute and unsuccessful continuance requests.  He contended these actions and inactions showed his counsel was not acting as a reasonably competent attorney and that but for her ineffective assistance, he would have been sentenced to less than 75 years' confinement or he would have accepted the 50-year offer.  For the following reasons, we disagree and overrule his first issue.

## A.  REVIEW STANDARD

We review the trial court's failure to hold a requested hearing on a motion for new trial for an abuse of discretion.  *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim.

8

App. 2003). Such a review does not determine whether the motion could have reasonably been denied but, rather, whether the trial court could have reasonably denied the appellant a hearing on his motion. *Id.* In any event, a defendant does not have an absolute right to a hearing. *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009). A hearing is required only when one is requested, the matters raised in the motion and in accompanying affidavits[6] are not determinable from the record, and the motion and affidavits establish reasonable grounds showing that the defendant could potentially be entitled to relief. *Id.*; *Smith*, 286 S.W.3d at 340; *Flores-Alonzo v. State*, 460 S.W.3d 197, 207 (Tex. App.—Texarkana 2015, no pet.).

In the context of an ineffective-assistance-of-counsel claim, a defendant will be entitled to a hearing if he alleges sufficient facts from which a trial court could reasonably conclude both that counsel failed to act reasonably competently and that, but for counsel's failure, there is a reasonable likelihood that the trial's outcome would have been different. *Smith*, 286 S.W.3d at 340–41. To do so, Kerr must have shown that his counsel's performance was deficient and prejudiced his defense. *Smith*, 286 S.W.3d at 340. Deficient performance requires Kerr to have demonstrated by a preponderance that counsel's representation objectively fell below the professional standards. *Id.* To establish prejudice, Kerr must have shown a reasonable probability

---

[6]Supporting affidavits do not have to establish a prima facie case for a new trial or even include every element required to establish relief, but they do have to be supported by facts and give sufficient notice of the reasonable bases for relief. *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009).

9

that but for counsel's errors, the result of the proceeding would have been different. *Id.* Under these standards, the trial court's discretion extends only to deciding whether the defendant has raised reasonable grounds that are both undeterminable from the record and potentially could entitle the defendant to relief. *Id.*

Kerr's ineffective-assistance-of-counsel claim is not determinable from the record; thus, we focus on whether he established his potential right to relief based on ineffective assistance of counsel. *Hobbs*, 298 S.W.3d at 202; *Walker v. State*, No. 14-18-00601-CR, 2020 WL 3892756, at *3 (Tex. App.—Houston [14th Dist.] Mar. 17, 2020, pet. dism'd) (per curiam order).

## B. ADVICE REGARDING PLEA-BARGAIN OFFER

It is important to clarify that Kerr's claim regarding the plea-bargain offer is not that counsel failed to communicate his acceptance of the offer to the prosecutor. Indeed, his affidavit establishes that although he wanted to accept the offer, he did not based on counsel's advice. Accordingly, Kerr's claim is that he rejected the offer based on counsel's legal advice that a trial probably would result in a shorter sentence than the 50-year offer.[7] The professional standards applicable to a plea-bargain offer require counsel to fully advise the defendant about the terms and desirability of a

---

[7]In his motion for new trial, Kerr attempted to argue that counsel did not communicate his acceptance to the prosecutor. But in his attached affidavit, Kerr averred that he did not accept the offer on counsel's advice. On appeal, Kerr now recognizes that he "*would have* accepted the plea offer but for trial counsel's advice." [Emphasis added.]

10

particular plea offer. *See Walker*, 2020 WL 3892756, at *4 (citing *Ex parte Wilson*, 724 S.W.2d 72, 73–74 (Tex. Crim. App. 1987)); *Turner v. State*, 49 S.W.3d 461, 465 (Tex. App.—Fort Worth 2001), *pet. dism'd*, 118 S.W.3d 772 (Tex. Crim. App. 2003). Even so, the ultimate decision of whether to accept a plea offer is for the defendant. *See Turner*, 49 S.W.3d at 465. Here, Kerr twice reluctantly made the decision to not accept the State's offer.

Granted, Kerr avers that he made his decisions based on counsel's allegedly deficient advice, which Kerr attacks with the benefit of hindsight. But an attorney's prediction that a particular plea strategy is likely to result in a lower sentence is not deficient performance simply because the prediction later proves inaccurate. *See Graves v. State*, 803 S.W.2d 342, 345, 347 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd); *see also Gonzalez v. State*, No. 03-01-00546-CR, 2002 WL 1987632, at *5 (Tex. App.—Austin Aug. 30, 2002, pet. ref'd) (not designated for publication) ("Although appellant may have relied on defense counsel's opinion of what type of punishment may be assessed and may have been disappointed in the punishment actually assessed, this does not render his counsel ineffective."). We conclude that Kerr failed to show a potential right to relief based on counsel's plea-bargain advice because such advice does not objectively fall below prevailing professional norms. Thus, the failure to hold a hearing on Kerr's motion raising this alleged deficiency was not an abuse of the trial court's discretion.

## C. Trial Preparation

Kerr additionally asserted that his counsel was ineffective because she was not prepared for trial, which was allegedly apparent from her failure to consult with Kerr, her late continuance motions that relied on unspecified new information, her late request for an investigator, her lack of knowledge of the facts that she "should have known if she read the report and watched the video recordings," and her refusal to question Turner's "ability to recall" a specific, identifying facial tattoo. To establish reasonable grounds supporting prejudice arising from counsel's alleged inadequate preparation, Kerr must show that better preparation would have benefitted him and led to a better result. *See Shamim v. State*, 443 S.W.3d 316, 324 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (op. on reh'g).

Kerr has not shown that additional preparation and communication between him and his counsel before trial would have changed the trial's outcome. Kerr did not explain what evidence could have been admitted or which witnesses could have been called had counsel prepared more. *See Strickland v. Washington*, 466 U.S. 668, 694–96, 104 S. Ct. 2052, 2068–69 (1984) (discussing requirements to show prejudice arising from counsel's alleged deficient performance). And the State's case against Kerr was strong. *See West v. State*, 474 S.W.3d 785, 793–94 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (holding appellant failed to show prejudice when record contained ample evidence of guilt). Thus, Kerr's motion and affidavit did not set forth reasonable grounds that counsel's level of preparation prejudiced his defense. *See*

*Guillory v. State*, No. 02-18-00428-CR, 2019 WL 2554242, at \*20 (Tex. App.—Fort Worth June 20, 2019, no pet.) (per curiam) (mem. op., not designated for publication) (recognizing prejudice showing requires explanation of how counsel's alleged deficient performance impacted trial's result); *Adekeye v. State*, 437 S.W.3d 62, 71 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) (concluding prejudice not shown because "there is no evidence that information beneficial to appellant's defense would have been discovered but for counsel's unprofessional errors"). Accordingly, the trial court did not abuse its discretion by failing to hold a hearing on Kerr's motion based on counsel's alleged inadequate preparation.

## IV. CONCLUSION

Kerr has failed to show either that the trial court erred by denying his motions for continuance or that the denials prejudiced his defense; thus, the trial court did not abuse its discretion by denying the motions. Similarly, the trial court did not abuse its discretion by failing to hold a hearing on Kerr's new-trial motion because he failed to establish reasonable grounds showing that he could potentially be entitled to relief based on trial counsel's alleged ineffectiveness. Accordingly, we overrule Kerr's two issues and affirm the trial court's judgments. *See* Tex. R. App. P. 43.2(a).

13

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 26, 2021