**Petition for Writ of Mandamus Denied and Memorandum Majority and Dissenting Opinions filed May 19, 2022.**



In The

# Fourteenth Court of Appeals

NO. 14-21-00744-CR
NO. 14-21-00745-CR
NO. 14-21-00746-CR
NO. 14-21-00747-CR

## IN RE ALVA Z. MCGRATH JUNIOR, Relator

ORIGINAL PROCEEDINGS
WRITS OF MANDAMUS
179th District Court
Harris County, Texas
Trial Court Cause Nos. 940494, 940495, 940496 & 881224

## MEMORANDUM DISSENTING OPINION

Here we go again with imposing "extra rules" on people who are incarcerated. Once again this court denies mandamus relief to an incarcerated person based on the erroneous notion that in criminal cases, motions—other than motions for new trial—must in effect be *presented* to the trial court, not merely *filed*. *See In re Gomez*, 602

S.W.3d 71, 74–75 (Tex. App.—Houston [14th Dist.] 2019) (orig. proceeding) (Spain, J., concurring); *In re Pete*, 589 S.W.3d 320, 323–324 (Tex. App.—Houston [14th Dist.] 2019) (orig. proceeding) (Spain, J., concurring).

In these four petitions for a writ of mandamus, relator includes a Domestic Return Receipt PS Form 3811 ("green card") that is properly addressed to the Harris County District Clerk (both the street address and post office box) and was returned with a signature dated September 2, 2021. Relator states the following under penalty of perjury:

IV.

In this Court's opinion it was stated that "although relator has submitted a copy of a 'formal request" to rule on defendant(s) [sic] motions' that includes a declaration and a certificate of service that the request was mailed to the Trial Court on March 31, 2021 relator has not submitted a file-stamped copy of either of the motions."

V.

McGrath attempted to get file-stamped copies as requested by this court. On 9-2-21 sent via certified mail, one Arthur Simpson signed for a request asking District Clerk Marilyn Burgess to send McGrath file-stamped copies of his motions for appointment of counsel and his motion to compel the District Attorneys Office to give DNA results to Defendant, SEE attachment A: as of 12-3-21 the District Clerks Office has had no correspondence with McGrath. Due to the employee's of the State McGrath is unable to fullfill the requirement past down by this Court.

## VI.

The 179th District Court has refused to do its ministerial duties to rule on McGrath('s) properly filed motion(s), which has been in the Court for 11 months.

## VII.

Under the prisoner mail box rule,[1] any motion filed by a TDC offender is considered filed in the court on the day it reaches the mailroom on the unit the offender is on. As an offender in TDC, McGrath] has no other avenue available to him except to write a request for file-stamped copies, which he has, to no avail. Because the clerk's office ignored his request, he is unable to fulfill this court's requirements, making the requirement unfair, if not unconstitutional.

This court now assumes that the four motions directed to the district court to compel the Harris County District Attorney's Office to give DNA results to relator and to appoint counsel for relator have been filed.[2] Although the court does not use the word "presentment," the court questions whether the trial court is "aware of the motions." By any other name, that is presentment.[3] The court next questions whether "relator has . . . shown that . . . a reasonable time had passed without the trial court taking any action on his motions."

As a general statement and not one directed at the trial judge in these original proceedings, I have no idea how an incarcerated individual can make a trial judge "aware" of motions on file in the clerk's office if that judge does not "dispose of all

---

[1] *See Campbell v. State*, 320 S.W.3d 338, 342 (Tex. Crim. App. 2010) (citing Tex. R. App. 9.2(b)); *Houston v. Lack,* 487 U.S. 266, 275–76 (1988); *Ramos v. Richardson*, 228 S.W.3d 671, 673 (Tex. 2007)).

[2] The relator has so stated under penalty of perjury. The court appears to assume that the relator is not committing perjury.

[3] Insofar that the court is serious about the trial court's awareness of what is pending on its docket, I presume there are court coordinators or automated docket management programs that could help the trial could manage things. *See Butler v. State*, 6 S.W. 3d 636, 640–41 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) (discussing presentment, including role of court coordinator).

judicial matters promptly, efficiently, and fairly." *See* Tex. Code Jud. Conduct, Canon 3(B)(9). And what else is relator supposed to do, or can he do? He is a prisoner at the Texas Department of Criminal Justice's W.F. Ramsey Unit. Is this court dangling the Myth of Sisyphus before relator, i.e., "Keep trying to roll that large stone to the top of the hill, maybe in a few thousand years you might make it." Can relator ever get a ruling on the merits from us? Is three months a reasonable time to pass for the trial court to rule on a motion?[4]

Unfortunately for relator there is a different reason that we should not reach the merits, and I dissent because the proper disposition is to give relator notice that his original proceedings do not comply with actual—not "extra"—rules, Texas Rule of Appellate Procedure 52.3(j), 52.3(k)(1)(A) and 52.7(a). Tex. R. App. P. 52.3(j) ("The person filing the petition *must* certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record.") (emphasis added); 52.3(k)(1)(A) ("The appendix must contain: (A) a certified or sworn copy of any order complained of, or any other document showing the matter complained of[.]") (emphasis added); 52.7(a) ("Relator *must* file with the petition: (1) a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding; and (2) a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained.") (emphasis added). Because the Code Construction Act applies to the Texas Rules of Appellate Procedure, the word "must" creates or recognizes a

---

[4] Were I able to reach the merits, the trial court not ruling in three months is arguably not unreasonable, although the COVID-19 pandemic has allowed criminal courts time to catch up on things that can be submitted without a hearing.

condition precedent. Tex. Gov't Code Ann. §§ 311.002(4) (applying Act to rules), .016(3) (defining "must"). That is a legitimate reason—based on legitimate rules—to not grant relator's requested relief.

Persisting in my view that our duty as judges is to reach a decision on the merits based on a proper record and that due process and due course of law require that this court give notice when the original-proceeding record does not comply with the Texas Rules of Appellate Procedure, I would give relator 45-days notice of involuntary dismissal for failure provide (a) certification of the petitions, (b) an appendix containing a certified or sworn copy of any order complained of, or any other document showing the matter complained of, and (c) a mandamus record containing (1) a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding and (2) a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained. Tex. R. App. P. 52.7(a); *see In re Kholaif*, 624 S.W.3d 228, 231 (order), *mand. dism'd*, 615 S.W.3d 369 (Tex. App.—Houston [14th Dist.] 2020) (orig. proceeding); *see also* Tex. R. 52.3(k)(1) (necessary contents of petition); Tex. Civ. Prac. & Crim. Code Ann. § 132.001(e) (authorizing unsworn declarations).[5]

---

[5] Civil Practice and Remedies Code section 132.001(e) provides:

(e) An unsworn declaration made under this section by an inmate must include a jurat in substantially the following form:
"My name is _____ _____ _____, my
              (First)     (Middle)    (Last)
date of birth is _____, and my inmate
identifying number, if any, is _____. I
am presently incarcerated in _____

We must faithfully execute the duties of our office. If that means an incarcerated individual receives relief, so be it. That relief may not benefit the next Michael Morton or Anthony Graves, but we still have a duty to answer the issues properly before us.

I dissent from the court's failure to provide notice and an opportunity to cure in each of these four petitions for writs of mandamus.

/s/     Charles A. Spain
        Justice

Panel consists of Justices Wise, Jewell, and Spain (Spain, J., dissenting).
Do Not Publish — Tex. R. App. P. 47.2(b).

---

<div style="margin-left: 2em;">

(Corrections unit name)

in _____, _____, _____, _____. I
   (City)        (County)   (State)    (Zip Code)
declare under penalty of perjury that the foregoing is true and correct.
Executed on the _____ day of _____, _____.
                 (Month)   (Year)

_____
Declarant"

</div>

Tex. Civ. Prac. & Rem. Code Ann. § 132.001(e).